LUCY JOHNSON v. CITY OF RALEIGH.

(Filed 18 October, 1911.)

1. Cities and Towns—Defects in Streets—Injury to Pedestrians—Negligence—Notice, Actual or Implied.

It is the duty of the governing authorities of a town to keep its streets, sidewalks, and drains in a reasonably safe condition so far as this can be accomplished by the exercise of proper and reasonable care and continuing supervision; and, in such cases, upon the issue as to defendant's negligence, under conflicting evidence, the jury are to determine whether the authorities had notice or knowledge of the defect complained of as having caused

the injury, in time to have remedied it, or whether it had existed for such length of time and under such circumstances that they should have discovered and repaired it.

2. **Cities and Towns—Defect in Streets—Injury to Pedestrian— Lights at Night—Negligence—Evidence.**

    In an action to recover damages of a city, alleged by plaintiff to have been received by reason of defendant's negligence in permitting a hole to remain in its sidewalk, into which she fell on a dark night, when there was no light or sufficient light, which it was the duty of the defendant to provide, the absence of lights at the place of the injury is not negligence *per se*, but only a relevant fact on the determinative questions whether the streets were kept in a reasonably safe condition and whether the authorities had properly performed their duty concerning them at the time and place of the occurrence of the injury.

APPEAL from *Whedbee, J.,* at February Term, 1911, of WAKE.

Civil action to recover damages for personal injuries caused by alleged negligence of defendant in failing to keep its streets in proper repair. On the issue as to negligence, there was verdict for defendant. Judgment on verdict, and plaintiff excepted and appealed.

*Douglass, Lyon & Douglass for plaintiff.*
*W. H. Pace for defendant.*

HOKE, J. On the trial it appeared that on the night of 5 February, 1910, plaintiff was crossing from her home on Bloodworth Street to Barber's store, nearly opposite, and while near the sidewalk she fell into a hole, about 1½ to 2 feet in depth, and was injured; that just at the edge of the sidewalk and nearly in front of the store, instead of an open gutter, a long box had been placed "like a rabbit-gum," as one of the witnesses described it, and covered over with dirt, and the hole had been caused, in all probability, by a wagon, in driving over or along this way, having crushed in the box. There was evidence on part of plaintiff tending to show that it was a dark night, with no light, or no sufficient light, on the street; that she crossed at the place where persons were accustomed to go, and that the authorities had actual notice of the existence of

the hole in time to have remedied the defect, and, in any event, the same had been in existence for such a length of time that they should have known it and had same properly repaired.

The evidence on part of defendant tended to show that they had no notice or knowledge of the hole, and that same had not been there long enough to have enabled them to discover it in the exercise of ordinary care, and that there was adequate light at the cross street, a short distance away, etc.

In the conflict of evidence, the court charged the jury, in general terms, that it was the duty of the governing authorities of a town to keep its streets, sidewalks, drains, and culverts in a reasonably safe condition as far as this could be accomplished by the exercise of proper and reasonable care and continuing supervision, and under this rule submitted the issue of defendant's negligence to the jury on the question whether the authorities had notice or knowledge of the existence of the hole in time to have remedied the defect, or whether it had existed for such length of time that they should have discovered and repaired the same. In reference to the lights, the court, in effect, told the jury that the absence of lights at the place of the injury, if such condition existed, was not negligence per se, but was only a relevant fact on the determinative questions whether the streets were kept in a reasonably safe condition and whether the authorities had properly performed their duty concerning them at the time and place of its occurrence.

We have carefully examined the record, and are of opinion that the charge is in accord with our decisions on the subject and the case has been fully and fairly submitted to the jury. Revis v. City of Raleigh, 150 N. C., 353; Kinsey v. Kinston, 145 N. C., 108; Fitzgerald v. Concord, 140 N. C., 110; and on the question of lights, see White v. City of New Bern, 146 N. C., 447. There is no error, and the judgment below must be affirmed.

No error.