B. B. BRADY v. CITY OF RANDLEMAN AND RANDOLPH POWER COMPANY.

(Filed 1 May, 1912.)

**Cities and Towns—Streets and Sidewalks—Lighting—Negligence—Discretion—Contracts.**

     In an action against an incorporated town and a lighting company for damages to one who was injured by a third person running into him with a horse and buggy, it appeared that he

was pushing a hand-cart along the street at the time of the injury, as required by the ordinance; that the street was in good condition; and the only negligence alleged was that an additional electric light should have been placed there: ' *Held*, (1) the number of lights and their placing was within the discretion of the proper town authorities, for which the town would not be liable, and no liability attached to the lighting company acting under the direction of the town authorities in placing the lights (*Johnson v. Raleigh*, 156 N. C., 269, cited and applied); (2) there was no breach of contract by the lighting company with the city to give the plaintiff a cause of action against the former (*Gorrell v. Water Co.*, 124 N. C., 328, cited and distinguished).

APPEAL from *Daniels, J.,* at December Term, 1911, of RANDOLPH.

Civil action to recover damages for personal injuries, caused by alleged negligence on the part of defendants. At the close of the entire testimony, on motion of defendants and properly entered, there was judgment as of nonsuit, and plaintiff excepted and appealed.

*E. Moffitt and J. T. Brittain for plaintiff.*
*H. M. Robbins for defendant.*

PER CURIAM. There was evidence tending to show that on 5 July, 1909, about 9 o'clock P. M., plaintiff, pursuing his regular occupation, was taking the United States mail in a hand-cart from the post-office to the railroad station in the town of Randleman, and at the time was on Depot Street in said town, when he was run into by a horse and buggy driven by a third person, and seriously injured. The ordinance prohibited carts of the kind from being on the sidewalk, and plaintiff, with his cart, was at the time of the injury in the street proper, or driveway.

It appears that the defendant the Power Company was under contract to supply lights for the town at a specified rate, the poles and lights to be erected and placed under the direction and supervision of the board of aldermen and the street committee. The lights to be turned on not later than half an hour after sundown and to be kept in action "until 12 o'clock, except

on nights when the moonlight would render the electric lights useless." That the arrangement was just being entered upon, and all the lights required had not been placed. That Main Street was lighted to the depot or station, and one of the lights on that street was as near as 75 feet, but the effect was very much destroyed by the intervening buildings. That a light was put on the street in question on the night following the injury.

Plaintiff himself testified that the street where the injury occurred was in good condition. "Macadamized and all right," in the language of the witness, and the only negligence imputed was the absence of proper lights. Without considering the allegations of contributory negligence alleged against the plaintiff, we think that his Honor made correct decision in directing a nonsuit. Our cases hold that the absence of lights in a town, even when power has been conferred upon the authorities to light the streets, is not negligence *per se,* but is only a relevant circumstance as to whether the streets at a given place are in a reasonably safe condition. *Johnson v. Raleigh,* 156 N. C., 269; *White v. New Bern,* 146 N. C., 447. And a perusal of these cases and the authorities cited will further show that even when the lighting of the streets has been undertaken and entered on, the number of lights required and their placing are left largely to the discretion of the city authorities.

Applying the principle, and on the facts in evidence showing there was a firm, broad, smooth way, in good condition, we concur in the view that no breach of duty was shown against the city; and the Power Company, which could only place the lights as required and directed by the city, are necessarily without fault. Nor is there evidence in the record that justifies or permits a finding that there was a breach of contract on the part of the Power Company, giving plaintiff a right of action against said company on the principle upheld and applied in *Gorrell v. Water Co.,* 124 N. C., 328.

There is no error, and the judgment dismissing the action is

Affirmed.