THOMAS SNIDER, ADMINISTRATOR OF ADDIE SNIDER, v. CITY OF HIGH POINT.

(Filed 22 April, 1915.)

**Municipal Corporations—Cities and Towns—Governmental Duties—Health—Negligence—Personal Injury—Damages.**

Negligent acts of the employees of a municipality which cause personal injuries are not ordinarily actionable against the city, when done in pursurance of authority conferred on the city by law, for the public benefit; and where such employees have collected trash and garbage from the premises of its citizens, and burn the trash on the city lot, and the dress of a child left with other children on the lot, catches fire, resulting in her death, the negligence of the employees in charge, if any, arises from the performance by the city of a governmental function for the preservation of health, and there being no statutory liability imposed upon the city in such matters, it cannot be held to respond in damages in an action to

recover them. *Hines v. Rocky Mount,* 162 N. C., 409, where the wrongful acts are held to amount to a taking of private property in injuring the value of lands, etc., cited and distinguished.

APPEAL by plaintiff from *Devin, J.,* at December Term, 1914, of GUILFORD.

Civil action. There was evidence tending to show that, on 6 June, 1914, the intestate, a child between 9 and 10 years old, while playing around a trash-pile which had been fired by employees of defendant, caught on fire and was so severely burned that she died the following day; that the agent and employees of defendant, by permission of the owners, were engaged in hauling the trash, refuse, and garbage from the city, consisting of paper, rags, beef bones, rotted potatoes, bananas, etc., out on a 40-acre tract of land within the corporate limits of the city of High Point, and setting fire to same.

On the occasion in question there were several children near where the pile was fired, including the intestate and others about the same age; and the man, Ephraim Davis, who was doing the work, having set fire to the trash, went on back to the city, leaving these children at or near the pile, and the clothing of intestate caught and she was burned, as stated; that the 40 acres was posted land, and the trash was dumped somewhere near the center and about 200 yards, in direct line, from home of plaintiff, and with a field, fence, and deep ravine between, and that it was 300 yards from any public road, but a path, leading from plaintiff's house, in an indirect way, ran near the pile.

On motion entered in apt time, there was judgment of nonsuit, and plaintiff excepted and appealed.

*T. B. Galloway and John A. Barringer for plaintiff.*
*Peacock & Dalton and Brooks, Sapp & Williams for defendant.*

HOKE, J., after stating the case: On perusal of the facts in evidence there may be some question as to the existence of negligence on the part of defendant's employees; but if this be conceded to plaintiff on account of his evidence tending to show that there were several young children near the pile at the time the same was fired, we think the judgment of nonsuit must be sustained because the acts complained of were in pursuance of authority conferred by law for the public benefit, and comes within the principle that unless a right of action is given by statute a municipality may not be held liable to individuals for failure to perform or negligence in performing duties which are governmental in their nature. *Keenan v. Comrs.,* 167 N. C., 356; *Harrington v. Greenville,* 159 N. C., 632.

In *Keenan's case,* an action for wrongful trespass upon realty, *Associate Justice Brown,* delivering the opinion, said: "Can the action be

168—39

maintained against the county for the tort of its officials? It is well settled that counties are instrumentalities of government, and are given corporate powers to execute their purposes, and are not liable for damages for the torts of their officials in the absence of statutory provisions giving a right of action against them," citing *White v. Comrs.,* 90 N. C., 437; *Jones v. Comrs.,* 130 N. C., 452; *Hitch v. Comrs.,* 132 N. C., 573. And in *Harrington's case* the Court said: "It is well recognized with us that unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for 'neglect to perform or negligence in performing duties which are governmental in their nature,' and including generally all duties existent or imposed upon them by law solely for the public benefit," citing *McIlhenny v. Wilmington,* 127 N. C., 146; *Moffitt v. Asheville,* 103 N. C., 237, and *Hill v. Charlotte,* 72 N. C., 55.

The city of High Point, by its charter, Laws 1907, ch. 395, sec. 5, is invested with the power and charged with the duty to enact and enforce "all ordinances necessary to protect the health, life, and property of its citizens; to prevent and summarily abate and remove nuisances; to preserve and enforce good government, order, and security of the city, and to protect the lives, health, and property of all its inhabitants," and recurring to the evidence as to the character of this trash-pile, the acts of defendant's agents come clearly within the purview of the authority thus conferred and the principles of the decided cases on the subject.

True, in some recent decisions of the Court, as in *Donnell v. Greensboro,* 164 N. C., 330; *Hines v. Rocky Mount,* 162 N. C., 409, recoveries against the municipality were sustained, but this was by reason of wrongful acts, which were held to amount to a "taking of the property and coming within the constitutional principle that a man's property may not be taken from him either for a public or private purpose except on compensation made pursuant to law.

The more general principle, with the suggested limitations upon it, are stated in *Hines' case* as follows: "Where a municipality, acting in accordance with the authority conferred by its charter, and for sanitary purposes, organizes, through its proper officers, and directs a general cleaning up of the town, and in thus acting attempts to fill up a large hole in an unimportant street, partly to get trash and rubbish out of the way and partly for the better use of the street, and a suit is brought for damages against the city for the creation of a nuisance, alleging that garbage refuse, causing foul stench and odors, was thrown into this hole, causing sickness, etc., to the plaintiff and his family residing near: *Held,* the acts complained of were governmental in their character.

"2. The principle that a city may not be held liable in damages for its authorized acts of a governmental character which create a nuisance is

subject to the limitation that neither a municipality nor other governmental agency is allowed to establish and maintain a nuisance, causing appreciable damage to a private owner, without liability to the extent of the damage done to his property; for such is regarded and dealt with as a taking or appropriation of the property, to the extent of the damage thereto, and such an interference with the rights of ownership may not be made or authorized except on compensation first made pursuant to law.

"3. The principle upon which a recovery may be had of a municipality for damages arising from a nuisance caused by it in the exercise of a governmental function applying only to instances that amount to a taking of private property for a public use, the damages recoverable are restricted to the diminished value of the land, and do not include damages by reason of sickness, etc., caused by such nuisance to the owner or his family, considered as a direct element thereof."

And applying these principles, the order of nonsuit must be sustained, the facts showing, as stated, that the acts complained of were in the "performance of duties existent or imposed by law solely for the public benefit."

Affirmed.

WALKER and ALLEN, J.J., concurring in result.