NORMAN JAMES, FOR HIS NEXT FRIEND, HERBERT H. JAMES, v. CITY OF CHARLOTTE.

(Filed 2 June, 1922.)

**1. Municipal Corporations—Cities and Towns—Government—Negligence —Damages.**

    A municipality, acting within the exercise of a purely governmental function, including generally all those existent or imposed upon them by law for the public benefit, is not liable for the negligence of its agent or employee, unless a right of action therein is given by statute.

**2. Same—Statute—Collecting Garbage.**

    A city is in the exercise of a governmental duty in collecting garbage from the residence of its inhabitants under an ordinance passed in accordance with the provisions of C. S., 2799, and is not liable in a civil action for damages to one injured by the negligence of its drivers of the carts or wagons when so engaged, there being no provision of law conferring such right.

**3. Same—Speed Limits—Criminal Law—Misdemeanors.**

    C. S., 2618, fixing a speed limit for motor vehicles, etc., and making its violation a misdemeanor, is a cumulative right of action given at common law for the recovery of damages for a personal injury caused by the negligent acts of another, and can confer no right of action to recover damages in such instances against a city, by reason of the violation of this statute by a driver of a motor cart or wagon in collecting garbage, etc., under an ordinance passed in pursuance of the provisions of C. S., 2799, the remedy, if any, being by indictment.

**4. Same—Business for Profit.**

    It is the primary duty of the owner or occupant of the premises to remove his garbage, etc., therefrom, under an ordinance passed in pursuance of C. S., 2799; and upon his failure thereof, the city may remove

the same under certain requirements of the owner or occupants, with. its own carts or wagons; and the fact that the city is permitted tò charge the cost of such service does not change its act from a governmental function to a business for profit, or affect its nonliability for the negligent acts of its agents or employees therein.

APPEAL by plaintiff from *Finley, J.,* at February Term, 1922, of MECKLENBURG.

Civil action, heard on demurrer *ore tenus* to the facts as alleged and admitted in the pleadings.   The pertinent facts being that in July, 1921, plaintiff, while standing on a sidewalk of a street or alley in the city of Charlotte was run into by a truck negligently driven by an employee of the city, and in excess of speed permitted by the statute law directly controlling the matter, C. S., 2618, and received serious and permanent injuries.   That said employee, at the time, was operating the truck in the service of the sanitary department of the city, removing certain materials from private property pursuant to municipal regulations, the city collecting a charge for the same, the fee allowed by the statute. There was judgment sustaining the demurrer, and plaintiff excepted and appealed.

*J. D. McCall and John M. Robinson for plaintiff.*
*C. A. Cochran and C. W. Tillett, Jr., for defendant.*

HOKE, J.   The statute under which the regulations were chiefly made, and the employee operating the truck at the time, C. S., 2799, contains provision as follows:   "The governing body may by ordinance provide for the removal, by wagons or carts, of all garbage, slops, and trash from the city; and when the same is not removed by the private individual in obedience to such ordinance, may require the wagons or carts to visit the houses used as residences, stores, and other places of habitation in the city, and also may require all owners or occupants of such houses who fail to remove such garbage or trash from their premises to have the garbage, slops, and trash ready and in convenient places and receptacles, and may charge for such removal the actual expense thereof."

In *Harrington v. Greenville,* 159 N. C., 632-634, it is stated as the recognized doctrine in this jurisdiction that "unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for failure to perform or negligence in performing duties which are governmental in their nature, and including generally all duties existent or imposed upon them by law, solely for the public bene-fit."   Citing *McIlhenney v. Wilmington,* 127 N. C., 146; *Moffitt v. Asheville,* 103 N. C., 237; *Hill v. Charlotte,* 72 N. C., 55.

And *Mack v. Charlotte,* 181 N. C., 383; *Howland v. Asheville,* 174 N. C., 749; *Snider v. High Point,* 168 N. C., 608; *Peterson v. Wilmington,* 130 N. C., 76, and other cases with us are in approval of the position. In *Snider v. High Point, supra,* the employee, whose negligence caused the injury, was engaged in the removal and destruction of garbage and other refuse matter under the sanitary regulations of the city, and the decision of the Court denying liability on the ground that the employee at the 'time was engaged in performance of duties governmental in their nature would seem to be controlling against the plaintiff on the facts of the present record.

In a recent decision of the Supreme Court of the United States, *Adelbert Harris v. District of Columbia,* 41 Supreme Court Reporter, 610, the same principle is fully recognized. It is contended for plaintiff that the position referred to does not apply to the facts of the present record because it appears that the employee at the time was in violation of the speed regulations applicable, and constituting the negligence complained of a misdemeanor, C. S., 2618, but we are of opinion that the exception cannot be sustained.

It is recognized that "a statute which merely makes that a crime, misdemeanor, or offense, punishable by a penalty or forfeiture, which before its passage was already a legal wrong to individuals injured thereby, redressible by civil action. or suit, does not take away the preexisting cause of action, unless it is so declared expressly or by necessary implication." 1 Cyc., 681. But where there is no legal wrong existent and the statute purports to create a new offense and provides a remedy, there, as a rule, the remedy provided must be pursued, and none other. *S. v. R. R.,* 145 N. C., 495-539; 7th Lawson's Rights and Remedies, sec. 3777; 2d Waites, Actions and Defenses, p. 109.

Applying the principle as to private persons, individual or corporate, the negligence condemned and made a misdemeanor in C. S., 2618, was actionable at common law, and therefore the section is regarded as cumulative to the right of action existent at common law, but as to municipal corporations, when in the exercise of governmental functions, no right of action existed at common law, and the liability, if any, arises only by statute, and as to them, therefore, the statutory remedy by indictment is alone given and must be pursued.

Again it is insisted that the city is not protected from liability in this instance because it charges a fee for removal of garbage, but the position is without merit. True, we have held in several cases that where a municipal corporation enters into the business of selling light and power to its citizens for profit, they are not regarded as being in the exercise of governmental functions, and under proper circumstances may be held

to civil liability. *Munick v. Durham,* 181 N. C., 188; *Harrington v. Wadesboro,* 153 N. C., 437; *Fisher v. New Bern,* 140 N. C., 506.

But the principle invoked has no application where, as in this instance, the city merely makes a charge covering the actual expense of removing garbage and refuse in discharge of a duty primarily incumbent on the individual citizen and occupant of property. The decisions to which we were referred in the learned brief of appellee's counsel are in full support of their position on this question. *Moulton v. Fargo,* 167 N. W., 717.

We find no error in the record, and the judgment of nonsuit must be Affirmed.