CHLOE TINSLEY v. CITY OF WINSTON-SALEM.

(Filed 24 November, 1926.)

**1. Municipal Corporations—Cities and Towns—Streets and Sidewalks—Reasonably Safe Condition.**

A municipality is held to the exercise of due care to keep its streets and sidewalks in a reasonably safe condition, and on failure thereof they are liable to one who receives an injury thereby proximately caused.

**2. Same—Negligence—Evidence—Nonsuit.**

Where a city has dug ditches for drainage or sewer pipes in the street and sidewalk in front of the residence of the citizen, and has the open ditches in the streets safeguarded at night, but not the one across the sidewalk, and the plaintiff has fallen into the latter during the night to her injury with evidence that the opening could not have been seen except with difficulty, because a light signal had not been placed there, and the shadow of a tree was cast upon the place by a small street light: *Held,* the absence of the guard and signal light under the circumstances was evidence of the city's actionable negligence, and its motion for judgment as of nonsuit should not have been allowed.

**3. Same—Contributory Negligence.**

Where there is evidence tending to show that the plaintiff in her action for damages against a city was injured by the defendant's negligence in leaving an unguarded open ditch across its sidewalk at night, the fact that she was aware of these conditions and could have avoided them by day is not sufficient for the granting of a nonsuit upon the evidence, the conditions existing at night being different from those of the day when she could have more readily seen her danger.

**4. Same—Evidence—Inferences in Plaintiff's Favor.**

Where there is conflicting evidence upon a material issue susceptible of different inferences in the plaintiff's favor, defendant's motion as of nonsuit should be denied.

APPEAL by plaintiff from *Lane, J.,* at March Term, 1926, of FORSYTH.

*Wallace & Wells and Hastings & Booe for plaintiff.*
*Parrish & Deal for defendant.*

ADAMS, J. This is an action to recover damages for personal injury. The defendant was paving North Trade Street. In the middle of the street a ditch had been cut for a water and sewer line, and on each side at right angles with it were several ditches through which the main line was to be connected with dwellings on the adjacent property. The plaintiff lived on the west side of the street. She offered evidence tending to show that for fifteen or twenty years she had used a sidewalk or pathway there in going from and returning to her home. She used it every day; it was the only way she had. The lateral ditch was cut into the sidewalk, and the path at this place was narrow. The street, but not the sidewalk, had been closed by barricades. In the street about thirty feet from the ditch nearest the plaintiff's house was a small electric light, the rays of which were obstructed by a shade tree so that, in the vernacular of a witness, "You couldn't see the mouth of this hole' without you looked right down and knew it was there." There was no light on the sidewalk at this place; no other warning. About ten o'clock on the night of 25 March, 1925, the plaintiff fell into the ditch and

was severely injured. Her evidence tended to establish these circumstances. There was evidence in contradiction—evidence that the plaintiff's injury was caused solely by her own negligence; but the question is whether the evidence considered in the light most favorable to her was strong enough to justify the court in submitting it to the jury.

It is the duty of a municipal corporation to exercise due care to maintain its streets and sidewalks in a reasonably safe condition, and ordinarily a failure to perform this duty will be such negligence as will subject the municipality to liability for injury proximately resulting therefrom. A city or town is not an insurer; it is not held to the responsibility of warranting the safe condition of its streets, but it is responsible for a negligent breach of duty. The defendant had the right to extend the lateral ditch into the sidewalk, but it was required in the exercise of due care to see that those who had occasion to use the sidewalk were warned of the danger—in the exercise of such care to give proper warning by lights or otherwise or to guard against danger by barriers or by other means reasonably sufficient for the protection of the public. We do not say that the absence of a light at this particular place was essentially negligence; but it was a circumstance to be considered on the determinative question whether the sidewalk was in a reasonably safe condition and whether the defendant was negligent in the respects complained of. True, the plaintiff knew the ditch was there, but previous knowledge does not *per se* establish negligence. *Russell v. Monroe,* 116 N. C., 721. In leaving home before dark she saw the danger and escaped injury; whether she was able to do so in returning at ten o'clock is involved in doubt. The proof, which is susceptible of more than one interpretation, may satisfy the jury of the defendant's negligence, and where there is any evidence to support a material issue the case must be left to the decision of the jury. *Rollins v. Winston-Salem,* 176 N. C., 411; *Sehorn v. Charlotte,* 171 N. C., 540; *Smith v. Winston,* 162 N. C., 50; *Bailey v. Winston,* 157 N. C., 253; *Johnson v. Raleigh,* 156 N. C., 269; *Hester v. Traction Co.,* 138 N. C., 288.

Error.