MADA BOSWELL v. TOWN OF TABOR.

(Filed 17 October, 1928.)

1. Appeal and Error—Review—Presumptions—Record.

On appeal, the presumption of law is in favor of the correctness of the charge given below when it is not contained in the record.

2. Trial—Taking Case or Question from Jury—Nonsuit.

A motion as of nonsuit upon evidence in a personal injury suit against an incorporated town where there is evidence tending to show that the plaintiff was aware of an obstruction alleged to have caused the injury, but did not think of it at the time thereof, the light to the place being obstructed by the town, is properly denied under the facts of this case.

APPEAL by defendant from *Cranmer, J.,* at August Term, 1928, of COLUMBUS. No error.

This is an action for actionable negligence, brought by plaintiff against defendant.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was plaintiff injured by the defendant's negligence, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by her own negligence contribute to her injury, as alleged in the answer? Answer: No.

"3. What damage, if any, is plaintiff entitled to recover? Answer: $500."

It is admitted by counsel for the defendant that claim was properly filed in writing with the commissioners of the town of Tabor, and that payment thereof was refused.

*H. L. Lyon for plaintiff.*
*Tucker & Proctor for defendant.*

PER CURIAM. The charge of the court below is not in the record. The presumption is that the court below charged the law applicable to the facts on all the issues. At the close of plaintiff's evidence, the defendant made a motion for judgment as in case of nonsuit. C. S., 567.

The defendant's statement of the questions involved is as follows: "The questions involved in this appeal are whether or not upon all of the plaintiff's uncontradicted evidence (none offered by defendant) the court erred in not dismissing the action as of nonsuit, and further in not directing a verdict upon each issue in favor of the defendant. The plaintiff's evidence is that the chief of police of the town of Tabor with some men moved a certain house against the plaintiff's bakery shop, in order to make room for paving certain sidewalks; that a sill used in moving

said house was left projecting and resting upon the back step of plaintiff's shop; that both the plaintiff and her husband saw the house moved, saw the sill left there, used the steps by stumbling over the sill and said nothing about it nor made any complaint to any one; that after dark only four days after the sill had been left there, plaintiff having forgotten the sill was there, was injured by catching her toe thereon as she was going out the steps after dark, there being no light to see by."

It was also in evidence that "The people paving the street had taken down the front steps, and the only way we had to get in and out was a side-door. . . . It was our only way of ingress and egress to the woodyard and toilet. . . . After they put this house up against ours there was no way of lighting that space *without a lantern*. Before they moved Mr. Chestnut's house there was a light that shone between us and the Chestnut house, but when they moved Mr. Chestnut's house *they cut off that light*."

From a careful reading of the testimony, as appears in the record, we cannot hold that the court below was in error. The case is analogous to *Tinsley v. City of Winston-Salem*, 192 N. C., 597. In law we find

No error.