C. E. CATHEY, ADMINISTRATOR OF WILLIAM GRAHAM CATHEY, v. THE CITY OF CHARLOTTE AND SOUTHERN BELL TELEPHONE COMPANY.

(Filed 12 June, 1929.)

1. **Removal of Causes C b — Allegations of complaint will determine whether cause of action is stated against resident defendant.**

    Upon a petition of the nonresident defendant for removal of the cause to the Federal Court for trial on the grounds of diversity of citizenship and separable controversy, the allegations of the complaint will alone be considered as to whether a joint tort is alleged, and where the allegations are sufficient and the resident defendant recognizes the jurisdiction of the State court by obtaining an extension of the time to answer, the petition for removal will be denied.

2. **Same—In this case held, complaint alleged joint tort of resident and nonresident defendants, and petition for removal should be denied.**

    Allegations in the complaint in an action for wrongful death that the plaintiff's intestate was an employee of a city and was injured by the

joint negligence of the city and the nonresident telephone company in connection with removing, by order of the city, its wire, used in its police and fire alarm system, from a pole erected by the nonresident telephone company under authority of an ordinance requiring that sound poles be used, and that the injury resulted from defects in the pole causing it to break and throw plaintiff's intestate to the ground: *Held*, a cause of action against both defendants as joint *tort-feasors* is stated, and the petition of the nonresident defendant for removal of the cause to the Federal Court for trial should be denied.

3. **Same—Nonresident defendant may not raise question of nonliability of the resident defendant because of its being municipal corporation.**

Where a city and a nonresident telephone company are sued in the State Court a joint tort causing the death of the plaintiff's intestate, and the city does not file a demurrer but obtains an extension of time in which to answer, the nonresident defendant cannot raise the question by its petition for removal of the cause to the Federal Court on the ground that the action is separable, whether or not the city was liable for that its employee was injured in the exercise of the city's governmental functions.

4. **Municipal Corporations E a—Municipal corporation is not liable for negligent injury to its employee in exercise of governmental functions.**

A city is not liable in damages for negligence causing injury or death to its employee while performing his duty as such in connection with removing a wire on a pole used by the city in connection with its police and fire alarm system.

APPEAL by plaintiff from *Sink, Special Judge*, at March Term, 1929, of MECKLENBURG. Reversed.

This is an action to recover damages for the wrongful death of plaintiff's intestate, caused, as alleged in the complaint, by the joint and concurrent negligence of defendants.

Plaintiff is a citizen of the State of North Carolina; he instituted this action in the Superior Court of Mecklenburg County as administrator of his son, William Graham Cathey, who at the date of his death was a citizen of the State of North Carolina, and a resident of Mecklenburg County.

The defendant, the city of Charlotte, is a municipal corporation, organized and existing under the laws of the State of North Carolina.

The defendant, Southern Bell Telephone Company, is a corporation, organized under the laws of the State of New York, with its principal office in said state, and engaged in business in the State of North Carolina, as authorized by its charter.

The value or amount in controversy in this action, which is of a civil nature, exceeds the sum of $3,000, exclusive of interest and costs.

From judgment that the action be removed from the Superior Court of Mecklenburg County to the District Court of the United States for

the Western District of North Carolina, Charlotte Division, for trial, in accordance with the prayer of the petition, duly filed by the defendant, Southern Bell Telephone Company, the plaintiff appealed to the Supreme Court.

*John M. Robinson and Hunter M. Jones for plaintiff.*
*T. C. Guthrie for defendant.*

CONNOR, J. It appears on the face of the complaint that on 1 September, 1902, an ordinance was duly adopted by the city of Charlotte, by which permission was granted to the Southern Bell Telephone Company to erect, maintain and operate lines of telephone and telegraph, including the necessary poles, etc., upon, along, and over the streets of the city of Charlotte, provided that all poles erected and maintained by said company in said city should be sound, strong, neat and symmetrical. In consideration of the passage of said ordinance, the said Telephone Company agreed to provide one cross-arm on each pole, when requested so to do by the city of Charlotte, for the free use of its police and fire alarm system.

Some time prior to 8 January, 1929, in accordance with the provisions of the said ordinance, the Southern Bell Telephone Company erected and installed one of its poles in the city of Charlotte, near the corner of East Fourth Street and Caswell Road. The city of Charlotte, thereafter, under the provisions of said ordinance, and with the knowledge, consent and approval of the Telephone Company, placed one of its electric wires on said pole. This wire was a part of the apparatus used by the said city in its police and fire alarm system.

On 8 January, 1929, pursuant to the request of the Telephone Company that it remove said wire from the said pole, the city of Charlotte ordered and directed plaintiff's intestate, who was at that time an employee of the said city, to climb the said pole, and to remove the said wire therefrom. Plaintiff's intestate climbed the said pole, as he was ordered and directed to do by the city; while he was at work removing said wire, the said pole broke and fell, hurling him to the ground with such force and violence as to cause injuries which resulted in his death.

It is alleged in the complaint that the death of plaintiff's intestate was caused by the joint and concurrent negligence of defendants, as specifically set out therein, and that as the result of his wrongful death, plaintiff as his administrator, has been damaged in the sum of $75,000. Each of the allegations in the complaint involves an allegation that there were defects in said pole, at the time it was erected and installed by the Telephone Company, or at the time plaintiff's intestate was ordered and directed by the city of Charlotte to climb the pole, and to remove the wire

therefrom, at the request of the Telephone Company. Prior to the institution of this action, plaintiff presented to the city of Charlotte his claim for damages, as he was required to do by the statute, and by a provision in the charter of said city, and demanded payment of said claim. The city of Charlotte refused and neglected to pay said claim, and thereafter plaintiff instituted this action against both the defendants.

In apt time, the defendant, Southern Bell Telephone Company, filed its petition, pursuant to the provisions of the act of Congress, for the removal of the action from the Superior Court of Mecklenburg County to the District Court of the United States for the Western District of North Carolina, Charlotte Division, for trial, upon the sole ground that upon the allegations of the complaint, the defendant, the city of Charlotte, is not liable, in law, to the plaintiff in this action, and that, therefore, the cause of action alleged in the complaint is against the Southern Bell Telephone Company, alone. The defendant, the city of Charlotte, has filed no demurrer or answer to the complaint; it has, however, applied for and obtained an order extending the time within which it is required to file pleadings. From the judgment affirming the order of the clerk of the Superior Court of Mecklenburg County, and ordering and directing that the action be removed for trial, in accordance with the prayer of the petition, plaintiff appealed to this Court.

It appears from the allegations of the complaint that the wire which plaintiff's intestate was ordered and directed by the defendant, the city of Charlotte, to remove from the pole, which had been erected and maintained by the defendant, Southern Bell Telephone Company, under the provisions of the ordinance of the city of Charlotte, was a part of the apparatus used by the city of Charlotte for its police and fire alarm system. In the erection and maintenance of its police and fire alarm system, the city of Charlotte, as a municipal corporation, was engaged in the exercise of a governmental function. *McIlhenney v. Wilmington,* 127 N. C., 146, 37 S. E., 187, *Peterson v. Wilmington,* 130 N. C., 76, 40 S. E., 853. It is the general rule in this as well as in other jurisdictions that municipal corporations when engaged in the exercise of powers and in the performance of duties conferred and enjoined upon them for the public benefit, may not be held liable for torts and wrongs by which their employees or others sustain injuries, resulting in damages, unless made liable by statute. *Parks-Belk Co. v. Concord,* 194 N. C., 134, 138 S. E. 599; *Price v. Trustees,* 172 N. C., 84, 89 S. E., 1066. In *Scales v. Winston-Salem,* 189 N. C., 469, 127 S. E., 543, it is said in the opinion written by *Adams, J.*: "The non-liability of a municipal corporation for injury caused by negligence in the exercise of its governmental functions may be illustrated by cases in which it is held that a city is not liable for a policeman's assault

with excessive force, or for the suspension of a town ordinance indirectly resulting in damage to property, or for injury to an employee while in the service of the fire department, or for failure to pass ordinances for the public good, or for the negligent burning of trash and garbage, or for personal injury caused by the negligent operation of a truck by an employee in the service of the sanitary department of a city." See cases cited in the opinion. In accordance with this principle it was held in that case that the defendant, a municipal corporation was not liable to an employee for damages resulting from injuries caused by the negligent construction of a furnace as a part of an incinerator constructed and used by the defendant for the purpose of burning trash and refuse collected within the corporate limits of the defendant city. A judgment overruling a demurrer to the complaint, on the ground that it appeared from the allegations thereof that the construction and operation of the incinerator was in the exercise of a governmental function, was reversed, on defendant's appeal to this Court.

This principle is so well settled by authoritative decisions of this Court, and by decisions of courts of other jurisdictions, that in the absence of its abrogation or modification by statute, it cannot be questioned. Whether it should be abrogated or modified in this State, in view of changed conditions, enlarging the functions of municipal corporations, must be determined by the General Assembly. The principle, however, is not determinative of the question presented by this appeal. The city of Charlotte has not demurred to the complaint. Whether or not the complaint is subject to its demurrer, upon the ground that it is not liable to the plaintiff upon the facts alleged therein, is not now presented for decision. The nonresident defendant, Southern Bell Telephone Company, cannot raise the question, by its petition for the removal of the action from the State court to the Federal court, for trial, on the ground that the action is separable, as to whether the resident defendant, the city of Charlotte, is liable, upon the allegations of the complaint to the plaintiff in this action.

"A directed verdict, without the plaintiff's assent in favor of a resident defendant whose presence has heretofore prevented a removal for a separable controversy does not operate to make the case then removable; nor is that effect produced by a ruling of the court that, as to the resident defendant, there is not sufficient evidence to warrant a verdict, and sustaining a demurrer to the evidence, nor by a judgment dismissing the action as against the resident defendant, and though such judgment is affirmed by an intermediate court; nor by the taking of an involuntary nonsuit by the plaintiff as to the resident defendant, with a view not to abandon prosecution of the suit, but to test the correctness

of the ruling by appeal. Only a voluntary dismissal by the plaintiff as to the resident defendant puts the latter out of the case." 23 R. C. L., 682. See cases cited.

"The Federal Supreme Court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any of the defendants, that separate answers by the several defendants sued on joint causes of action, may present different questions for determination, but they do not necessarily divide the suit into separate controversies. The cause of action is the subject-matter of the controversy and that is for all purposes of the suit whatever the plaintiff declares it to be in pleading. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. Each party defends for himself, but until his defense is made out, the case stands against him and the rights of all must be governed accordingly. 23 R. C. L., 679. See cases cited.

There is error in the judgment ordering and directing the removal of the action from the State Court to the Federal Court, for trial. The judgment is

Reversed.