F. A. BROOME, ADMINISTRATOR OF THE ESTATE OF F. A. BROOME, JR., v. CITY OF CHARLOTTE.

(Filed 20 November, 1935.)

**1. Pleadings D e—**

For the purposes of a demurrer the facts set out in the complaint are deemed to be true.

**2. Municipal Corporations E a—Ordinarily, municipality is not civilly liable for negligence in performance of governmental duty.**

In the absence of statutory provision, a municipal corporation is not liable for negligence of its agents or servants in the performance of a governmental function which it exercises as an administrative agency of the State pursuant to legislative, discretionary, or judicial powers conferred on it for the benefit of the public, but a municipal corporation may be held liable civilly for negligence of its agents or servants in the performance of its corporate powers which it exercises in its private character in the management of its property for its own corporate advantage.

**3. Same—Complaint held to allege negligence of city in performance of governmental duty, and demurrer should have been sustained.**

It appeared from the face of the complaint that a trash wagon of defendant municipality, while being used in collecting and removing trash in the city, was driven into the yard of the parents of intestate for the purpose of turning it around for the convenience of the operators of the truck and not for the purpose of gathering trash, and that while turning the truck around in the yard the driver of the truck negligently ran over and killed plaintiff's intestate, a child four years old. *Held:* Defendant municipality's demurrer to the complaint should have been sustained, since the truck was being operated, pursuant to a governmental function of the city, in removing trash for the sole benefit of the inhabitants of the city, though not actually engaged at the moment in collecting trash on the premises of the parents of plaintiff's intestate.

APPEAL by defendant from *Harding, J.,* at April Special Term, of MECKLENBURG.

This was an action by the administrator of the estate of F. A. Broome, Jr., against city of Charlotte to recover damages for alleged wrongful death of plaintiff's intestate.

The complaint alleges that on 3 October, 1934, plaintiff's intestate a child 4 years of age, was struck and killed by a trash wagon on truck of defendant.

"3. That the city of Charlotte, through its mayor and members of its governing body and its business manager, and through its servants, agents, employees, and personal representatives wilfully, wantonly, deliberately, and without any notice to the parents of said infant, and without being requested by said infant's parents, sent and directed, and caused to be sent and directed, the driver or drivers of one of its trash wagons or trucks into the back yard of the parents of the aforesaid infant, not for the purpose, as this plaintiff is informed, believes, and alleges, of gathering trash, but drove off Ordermore Drive, one of the much-used thoroughfares of the city of Charlotte and county of Mecklenburg, and into the yard of the parents of the aforesaid infant as a matter of convenience to said defendant, in order to turn the trash wagon or truck around in order to go in an opposite direction, and not at the request or for any benefit to the parents of the infant child, or for any benefit to said plaintiff's intestate."

And the plaintiff prays that he recover both actual and punitive damages therefor.

Defendant demurred to the complaint, and from judgment overruling its demurrer, defendant appealed.

*Kirkpatrick & Kirkpatrick and C. A. Duckworth for plaintiff.*
*Scarborough & Boyd for defendant.*

DEVIN, J. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. For the purposes of the demurrer the facts set out in the complaint are deemed to be true. This requires a careful examination of the complaint to determine its legal effect.

The recognized doctrine in this jurisdiction is that a municipal corporation may not be held civilly liable to individuals for the negligence of its agents in performing duties which are governmental in their nature, and solely for the public benefit. *Harrington v. Greenville,* 159 N. C., 632; *James v. Charlotte,* 183 N. C., 630; *Snyder v. High Point,* 168 N. C., 608.

In its public or governmental character a municipal corporation acts as agent of the State for the better government of that portion of its people who reside within the municipality, while in its private character it exercises powers and privileges for its own corporate advantage. When a municipal corporation is acting in its ministerial or corporate character in the management of property for its own benefit, it may become liable for damages caused by the negligence of its agents subject to its control. But when the city is exercising the judicial, discretionary, or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liability for the negligence of its agents, unless some statute subjects the corporation to responsibility. *Moffitt v. Asheville,* 103 N. C., 237; *Parks-Belk Co. v. Concord,* 194 N. C., 134.

The law which imposes liability in one case and not in the other has been stated in numerous decisions of this Court. *Hamilton v. Rocky Mount,* 199 N. C., 504; *Munick v. Durham,* 181 N. C., 188.

The distinction between governmental acts and those which are ministerial or corporate seems to be that in the one case the act is done in the exercise of the police power or in the exercise of legislative, discretionary, or judicial powers conferred upon a municipality for the benefit of the public; while in the other it is done by virtue of powers exercised for its own advantage or in the negligent performance of a duty specifically imposed by statute. *Sandlin v. Wilmington,* 185 N. C., 257.

Applying these general principles, it is apparent that the operation of a trash wagon or truck on the streets of the city of Charlotte by the municipal authority was in the exercise of a governmental function for the sole benefit of its inhabitants, and not a ministerial or corporate act.

While the complaint alleges that the entry of the truck on the premises where plaintiff's intestate was struck was not to gather trash, but in order to turn the truck around, it sufficiently appears that the injury was done by a truck owned by the city for purposes in respect to trash; that is, the removal of trash for street cleaning, and that its truck was in such use by one of its employees, though not actually engaged at the moment in collecting or hauling trash on the premises of plaintiff.

For these reasons, we think the court below was in error in overruling the demurrer.

The judgment overruling the demurrer is

Reversed.