O. G. LEWIS, ADMINISTRATOR OF SADIE MEADE LEWIS, v. KELLY HUNTER, PRESTON SPEAR, AND CITY OF KINSTON.

(Filed 24 November, 1937.)

**1. Automobiles § 18g—**

Where there is evidence that intestate was injured and killed as a result of the negligent operation of his automobile by one of defendants, and conflicting evidence on the question of intestate's contributory negligence, the defendant's motion to nonsuit is properly denied.

**2. Trial § 37—**

Appellant's exception to the issues submitted will not be sustained when the issues afforded him full opportunity to present every essential aspect of his case.

**3. Negligence § 19d—**

One defendant's motion to nonsuit on the ground that the negligence of his codefendant insulated his alleged negligence, is properly refused when the evidence tends to show that the injury was the result of the joint and concurrent negligence of the defendants.

**4. Automobiles § 18a—Where one driver negligently hits pedestrian and second driver negligently runs over her while lying prostrate on street, both are liable as joint tort-feasors.**

The evidence favorable to plaintiff tended to show that his intestate was negligently hit by an automobile driven by one defendant, that the car carried her some distance until she rolled from the fender to the center of the street, and that as she was lying prostrate in the street, an automobile, negligently driven by the second defendant, ran over her, and that she died from her injuries shortly after reaching the hospital. *Held:* The second defendant's motion to nonsuit on the ground that there was no evidence of a joint tort committed by the defendants, was properly denied, since where two efficient proximate causes contribute to an injury, each defendant whose negligence brought about one of such causes, is jointly and severally liable.

**5. Automobiles § 18i—Failure to submit separate issues as to negligence of each defendant held not error.**

Recovery was sought against one defendant for negligently hitting intestate and knocking her to the street, and against the other defendant

LEWIS v. HUNTER.

for negligently running over her while she was lying prostrate. *Held:* An objection for the failure of the court to submit separate issues as to the negligence of defendants is untenable, an issue as to whether intestate was injured and killed by the negligence of defendants, or either of them, and if so, by which defendant or defendants, being sufficient for the presentation of all phases of the controversy.

**6. Trial § 32—**

A party desiring fuller or more detailed instructions must aptly tender request therefor, and a request for special instructions made two hours and 57 minutes after the commencement of the argument is not made in apt time.

**7. Negligence § 10—**

Where the jury answers the issue of contributory negligence in the negative, an affirmative answer to the issue of last clear chance becomes harmless surplusage.

**8. Municipal Corporations § 12—Municipality is not liable for negligent operation of police car, since its operation is governmental function.**

A car, equipped to receive police radio calls exclusively and used by the city solely in apprehending and transporting criminals for detention, is used for a governmental function, and the city is not liable for injury caused by its negligent operation in the performance of such duty.

**9. Same—**

It is the function of a city in the exercise of its police power to keep the radios on its police cars in working order, and the driving of a police car from the shop where the radio was repaired to the police garage is an operation of the car in the exercise of a governmental function.

**10. Constitutional Law § 4—**

The Legislature may grant a right of action against a municipality for negligence in the exercise of a governmental function, but until this is done, such right of action cannot be given by judicial decision.

APPEAL by defendants from *Sinclair, J.,* at May Term, 1937, of LENOIR.

This was a civil action to recover damages for the alleged wrongful death of the plaintiff's intestate.

There was evidence tending to show that on the evening of 10 April, 1936, about nine o'clock, the plaintiff, O. G. Lewis, and his intestate, Sadie Meade Lewis, who was his wife, were walking in the city of Kinston, east on Washington Street, and attempted to cross Queen Street at its intersection with Washington Street; that they proceeded halfway across Queen Street and were standing near the center of Queen Street to let certain traffic pass; that while they were so standing the automobile driven by the defendant Hunter approached them from the north on Queen Street, traveling south at a negligent rate of speed, and when the automobile had come close to the plaintiff and his wife the driver thereof, defendant Hunter, cut it across his left of the center of

Queen Street and struck the plaintiff's intestate and carried her on the fender of said automobile for from 50 to 70 feet, when the intestate rolled from the fender of the automobile to the street, near the center thereof; that while the plaintiff's intestate was lying prostrate and unconscious near the center of Queen Street a Terraplane automobile, owned by the defendant city and driven by the defendant Spear, approached said intestate from the north, driving south on Queen Street, and ran over and dragged the intestate; that as soon as the intestate had been extricated from the Terraplane automobile she was taken immediately in an ambulance to the hospital, where she died in about five minutes after arrival from wounds and shock that she had received as a result of the impacts with the two automobiles.

There was evidence tending to show that the intestate stepped or jumped in front of the automobile driven by Hunter, instead of the automobile being turned and driven over her, and that the automobile was being driven in a careful and lawful rate of speed. There was also evidence tending to show that the Terraplane was being driven in a careful and lawful manner, and that two or three minutes elapsed between the time the intestate was struck by the Hunter automobile and the time she was struck by the city automobile, and that the plaintiff left the intestate on the street during this interval.

All of the evidence tended to show that the Terraplane automobile was equipped with a radio and was used solely by the police department of the city of Kinston in preventing and detecting crime, making arrests, and hauling those arrested to places of detention; that the defendant Spear was employed by the hour by the city to keep the radio in repair, and that the automobile was at the time it ran over the intestate being returned from the shop of Spear to the city's garage after having been repaired by Spear in said shop. The following verdict was returned by the jury, to wit:

"1. Was the death of plaintiff's intestate caused by the negligence of the defendants, or any of them, as alleged in the complaint, and if so, by which defendant or defendants? Answer: 'Yes, all three.'

"2. If so, did the plaintiff's intestate, Sadie Meade Lewis, contribute to her own injury and death, as alleged in the answer of the defendant Kelly Hunter? Answer: 'No.'

"3. If so, did O. G. Lewis, by his own negligence, contribute to and cause the injury and death of plaintiff's intestate, as alleged in the answer of the defendants Preston Spear and the city of Kinston? Answer: 'No.'

"4. Notwithstanding the contributory negligence of plaintiff O. G. Lewis, if any, did the defendants Preston Spear and the city of Kinston

have the last clear chance to avoid the injury and death of plaintiff's intestate? Answer: 'Yes.'

"5. What amount of damages, if any, is the plaintiff entitled to recover of the defendants, or any of them? '$6,000.' "

From judgment that the plaintiff have and recover of the defendants, and each of them, jointly and severally, $6,000, the defendants appealed, assigning errors.

*R. A. Whitaker, A. W. Cooper, and Ehringhaus, Royall, Gosney & Smith for plaintiff, appellee.*

*J. A. Jones and J. G. Dawson for Kelly Hunter, appellant.*

*Charles F. Rouse, Sutton & Greene, and Jones & Brassfield for City of Kinston, appellant.*

*Charles F. Rouse and Sutton & Greene for Preston Spear, appellant.*

Schenck, J. Appeal of defendant Kelly Hunter: The appellant assigns as error the refusal of the court to allow his motion for a judgment as in case of nonsuit properly lodged under the provisions of C. S., 567. This assignment cannot be sustained. There was evidence tending to show that the intestate was injured and killed by the negligent operation of his automobile by the defendant Hunter; there was also evidence tending to show that the intestate was guilty of contributory negligence. This evidence was properly submitted to the jury under the issues of negligence and contributory negligence.

The appellant also assigns as error the submission of issues upon which the case was tried. This assignment cannot be sustained since the issues afforded full opportunity to the appellant to present his theory of the case, namely, the absence of negligence on his part and the presence of contributory negligence on the part of the intestate. *Potato Co. v. Jeanette,* 174 N. C., 236. The contention of the appellant that the negligence of the defendant Spear insulated any negligence on his part, and was the sole proximate cause of the intestate's death cannot be sustained, since the evidence tends to show that the death of the intestate was the result of the joint and concurrent negligence of the defendants Hunter and Spear. *West v. Baking Co.,* 208 N. C., 526, and cases there cited.

The appeal of the defendant Hunter is affirmed.

The appeal of the defendant Spear: This appellant also assigns as error the refusal of the court to allow his motion for judgment as in case of nonsuit properly lodged under C. S., 567, and contends that there was no evidence of a joint *tort* committed by the defendants Hunter and Spear. This phase of the case is governed by the principle enunci-

ated in *West v. Baking Co., supra.* "When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes he is liable." *Wood v. Public Service Corp.,* 174 N. C., 697; *White v. Realty Co.,* 182 N. C., 536. This assignment cannot be sustained.

The defendant Spear likewise assigns as error the submission of the first issue, instead of submitting separate issues as to the negligence of each of the defendants. We think, and so hold, that the issue as submitted afforded the appellant the "full benefit of his contention before the jury and a fair chance to develop his case," *Potato Co. v. Jeanette, supra,* and therefore this assignment of error cannot be sustained.

We have examined the exceptions to the admission of evidence and to the charge of the court and we find no prejudicial error. The request for special instructions two hours and 57 minutes after the argument commenced came too late. If the defendant desired more full or detailed instructions given to the jury they should have made timely request therefor. The charge is a substantial compliance with C. S., 564. The affirmative answer to the fourth issue became mere harmless surplusage in view of the negative answer to the third issue.

The appeal of the defendant Spear is affirmed.

The appeal of defendant city of Kinston: When the plaintiff had introduced his evidence and rested his case the defendant city moved the court to dismiss the action and for a judgment as in case of nonsuit, and renewed its motion after all the evidence on both sides was in. C. S., 567. The court disallowed the motion and appellant reserved exception. The appellant contends that all of the evidence, both of the plaintiff and of the defendant, establishes that the Terraplane automobile driven by the defendant Spear was the property of said city and was owned and used by the city in the performance of its governmental functions, and was being so used at the time it ran over the plaintiff's intestate, and that, therefore, the appellant, a municipal corporation, is not liable for damages caused by its wrongful or negligent operation, and that the appellant was entitled to have its motion allowed. We think this contention is well founded and that the motion should have been allowed.

The plaintiff's witness Wheeler Kennedy testified that he was a policeman of the city of Kinston, and that "This car belonged to the city and is used exclusively for police purposes. The officers use it in preserving order. At that time the city used the car for police patrol duty, answering calls and making arrests. I guess that would cover it all. The radio receiving set was fastened down under the dashboard. Police calls are all you can get on that kind of radio." To the same effect is the evi-

dence of the defendant. There was no evidence of any other use to which the automobile was put by the city. If this car was used by the city, a municipal corporation, exclusively for police purposes, a governmental function, then its negligent and wrongful operation in such use would not render the appellant liable. This has been the unbroken holding of this Court from time prior to *McIlhenney v. Wilmington,* 127 N. C., 146 (1900), to *Cathey v. Charlotte,* 197 N. C., 309 (1929), and *Broome v. Charlotte,* 208 N. C., 729 (1935).

But it is contended by the plaintiff that since Spear, the driver of the Terraplane automobile, was not invested with any police authority, the automobile was not in use at the time in the performance of any police duty. While it is true the driver of the car was not a policeman, he was employed by the hour by the city to keep in proper repair and condition the radio on said automobile, and it was the function of the city in the exercise of its police power to maintain the radio, and in the performance of the work for which he was employed Spear was performing duties incident to the police power of the city, whether he was engaged in repairing or testing the radio or whether in returning the automobile to the police garage after such repairing or testing, and anything that he did for the city with the automobile in the scope of his employment was done as an incident to the police power of the city—a purely governmental function.

"Negligence cannot be imputed to the sovereign, and for this reason, in the absence of a statute, no private action for *tort* can be maintained against the State. It follows that such an action will not lie against a municipal corporation for damages resulting from the exercise of governmental functions as an agency of the sovereign power." *Scales v. Winston-Salem,* 189 N. C., 469. If the doctrine of nonliability of a municipal corporation for injury caused by negligence in the exercise of its governmental functions is working hardship or injustice, the remedy lies in legislative action and not in judicial decisions. The Legislature can grant the right of action in such cases, but until that is done we are constrained to follow the long unbroken line of decisions of this Court.

Defendant Hunter's appeal affirmed.

Defendant Spear's appeal affirmed.

Defendant city of Kinston's appeal reversed.