## MRS. FRANK W. MILLAR v. THE TOWN OF WILSON.

### (Filed 2 December, 1942.)

**1. Municipal Corporations § 6—**

   A municipal corporation is dual in character and exercises two classes of powers, one as a governmental agency and the other as a private corporation. Its activities, which are discretionary, political, legislative or public, and performed for the public good in behalf of the State, come within the class of governmental functions; while those activities which are commercial or chiefly for the advantage of the community are private.

**2. Municipal Corporations §§ 6, 7, 8, 12—**

   When acting in behalf of the State in promoting or protecting the health, safety, security or general welfare of its citizens, a municipality is an agency of the sovereign, and no action in tort may be maintained for resulting injury to person or property; whereas a municipality is subject to suit in tort as a private corporation, when injury results from a negligent discharge of a ministerial or proprietary function.

**3. Municipal Corporations §§ 12, 14—**

   The maintenance of public roads and highways is generally recognized as a governmental function, though an exception is made in respect to streets and sidewalks of a municipality.

**4. Municipal Corporations § 14—**

   While municipal authorities have discretion in selecting the means by which the traveling public is to be protected against defects in the street, provided the means selected are adequate, there is no discretion as to the performance or nonperformance of the duty itself.

**5. Negligence § 19a: Pleadings § 15—**

   In an action for damages for personal injuries against a town, where the complaint alleged that defendant's employee, while on his way to place a protective light at a dangerous hole in a street, negligently ran into the back of an automobile in which plaintiff was riding causing injury, a demurrer was properly overruled.

DEVIN, J., concurring in result.
SCHENCK, J., joins in concurring opinion.

APPEAL by defendant from *Burney, J.,* at May Term, 1942, of WILSON. Affirmed.

Civil action in tort to recover damages for personal injuries.

The complaint, in part, alleges "That on or about the 2nd day of June, 1941, the defendant, through its proper officers and employees of

one of its public utilities, to wit: The light and water plant, had dug a hole in one of the streets of said town for the purpose of installing water equipment, or repairing the same, or for some other purpose in connection with the operation of said public utilities, which hole it was necessary to guard by lights so as to give the public notice of its existence, and in furtherance of such purpose late in the afternoon of June 2nd sent its employees to said hole for the purpose of placing lights about the same." It alleges further that "a truck owned by the defendant and operated by its agents and employees in connection with its public utilities and for the purposes above alleged was being driven at a rapid rate of speed . . . and ran into the rear of the car in which plaintiff was riding and overturned the same causing the plaintiff serious injuries . . ."

The defendant demurred upon the ground that it appeared from the complaint that the defendant's employee, who is alleged to have caused the injury to the plaintiff by the negligent operation of the defendant's truck, was at the time engaged in the furtherance of a governmental function.

On the hearing in the court below the demurrer was overruled and defendant excepted and appealed.

*Carter & Carter and Connor, Gardner & Connor for plaintiff, appellee.*
*Lucas & Rand for defendant, appellant.*

BARNHILL, J. A municipal corporation is dual in character and exercises two classes of powers—governmental and proprietary. It has a twofold existence—one as a governmental agency, the other as a private corporation.

Any activity of the municipality which is discretionary, political, legislative or public in nature and performed for the public good in behalf of the State, rather than for itself, comes within the class of governmental functions. When, however, the activity is commercial or chiefly for the private advantage of the compact community, it is private or proprietary.

When injury or damage results from the negligent discharge of a ministerial or proprietary function it is subject to suit in tort as a private corporation. 6 McQuillin, Mun. Corps. (2d), sec. 2792.

While acting "in behalf of the State" in promoting or protecting the health, safety, security or general welfare of its citizens, it is an agency of the sovereign. No action in tort may be maintained for resulting injury to person or property. *Parks v. Princeton,* 217 N. C., 361, 8 S. E. (2d), 217; *Hodges v. Charlotte,* 214 N. C., 737, 200 S. E., 889; *Lewis v. Hunter,* 212 N. C., 504, 193 S. E., 814; *Scales v. Winston-*

*Salem,* 189 N. C., 469, 126 S. E., 543; *Hill v. Charlotte,* 72 N. C., 55; *McIlhenney v. Wilmington,* 127 N. C., 146; *Harrington v. Greenville,* 159 N. C., 632, 75 S. E., 849; *Snider v. High Point,* 168 N. C., 608, 85 S. E., 15; *James v. Charlotte,* 183 N. C., 630, 112 S. E., 423; *Cathey v. Charlotte,* 197 N. C., 309, 148 S. E., 426; *Broome v. Charlotte,* 208 N. C., 729, 182 S. E., 325; *Hagerman v. Seattle,* 110 A. L. R., 1110, Anno., p. 1117.

The difficulty is not in ascertaining what the law is but in applying known and accepted principles of law to a given state of facts. The line between municipal operations that are proprietary and, therefore, a proper subject of suits in tort and those that are governmental and, therefore, immune from suits is sometimes difficult to draw.

Which principle—that of governmental immunity or that of corporate liability—should be applied here?

While the maintenance of public roads and highways is generally recognized as a governmental function, exception is made in respect to streets and sidewalks of a municipality.

This exception to the prevailing doctrine which imposes liability upon a municipality for damages resulting from failure to exercise ordinary care in keeping its streets and sidewalks in a reasonably safe condition—created by judicial decree—is an "illogical" exception to the general rule of the common law disallowing actions against municipalities for negligence in the discharge of duties imposed upon them for the sole benefit of the public and from which they derive no compensation or benefit in their corporate capacity. "It is obvious that the obligation, so far as travelers are concerned, is one of a public character, fulfilled, not for pecuniary profit or private corporate advantage, but exercised as a purely governmental function." 7 McQuillin, Mun. Corps. (2d), sec. 2902; *Hamilton v. Rocky Mount,* 199 N. C., 504, 154 S. E., 844.

None the less, the exception has been recognized and uniformly applied in this jurisdiction and the maintenance of streets and sidewalks is classed as a ministerial or proprietary function. *Sandlin v. Wilmington,* 185 N. C., 257, 116 S. E., 733, and cases cited; *Graham v. Charlotte,* 186 N. C., 649, 146 S. E., 571; *Willis v. New Bern,* 191 N. C., 507, 132 S. E., 286; *Michaux v. Rocky Mount,* 193 N. C., 550, 137 S. E., 578; *Hamilton v. Rocky Mount, supra; Speas v. Greensboro,* 204 N. C., 239, 67 S. E., 807.

The duty, as thus recognized, is positive. While the municipal authorities have discretion in selecting the means by which the traveling public is to be protected against a dangerous defect in the street, provided the means selected are adequate, there is no discretion as to the performance or nonperformance of the duty itself.

Here the defendant's employee was on his way to place a protective light at a dangerous hole in the street. He was undertaking to make

safe that which was unsafe and to protect the city against liability for failure to maintain its streets in a reasonably safe condition. This act was intimately connected with and directly related to the duty of the city to maintain its streets. We are of the opinion that it must be classified as a part and parcel of the performance of that duty.

It is true that the failure to provide a light to give warning of a hole in a street is not negligence. It is merely a relevant circumstance on the determinative questions whether the streets were kept in a reasonably safe condition and whether the authorities had properly performed their duty concerning them at the time and place of its occurrence. *Johnson v. Raleigh,* 156 N. C., 269, 72 S. E., 368; *Brady v. Randleman,* 159 N. C., 434. If recovery is had it is for the failure of the city to exercise ordinary care in inspecting and maintaining its streets in a reasonably safe condition and not for failure to provide lights as such. While evidence of the presence or absence of lights at holes, excavations or obstructions in streets is relevant, the failure to provide a light imposes no liability. *Johnson v. Raleigh, supra; Willis v. New Bern, supra; Tinsley v. Winston-Salem,* 192 N. C., 597, 135 S. E., 610.

It is likewise true that a city may select some other means or method of providing protection against the dangers caused by the existence of a dangerous defect. Even so, the employee was proceeding to the excavation for the purpose of making the street safe for travel by providing a warning of a dangerous condition. He was engaged in an act of maintenance.

It may be conceded, as stated, that the light would serve to promote the safety, security and general welfare of the traveling public. So does the maintenance of streets in every other respect.

While it is not our purpose to enlarge or extend the exception without legislative sanction, in exercising our "sovereign prerogative of choice" we conclude that the activities of the city's employee at the time comes within the exception and any negligence on his part while engaged in the discharge of this duty would impose liability upon the defendant.

The judgment overruling the demurrer is

Affirmed.

DEVIN, J., concurring in result: The allegation in the complaint that the truck which struck the plaintiff was owned and operated in connection with the city's public utilities, from which the city derived a substantial profit, saves it from a demurrer. *Hamilton v. Rocky Mount,* 199 N. C., 504, 154 S. E., 844. However, I do not think this ruling should be extended to holding that the operation of a city truck, used for public purposes and being driven on a public street in the discharge of a duty imposed for the public benefit, should burden the tax-

payers with liability for an injury incident to such operation, notwithstanding the discharge of such duty might also tend to protect the city from liability with respect to the maintenance of its streets. *Hodges v. Charlotte,* 214 N. C., 737, 200 S. E., 889; *Lewis v. Hunter,* 212 N. C., 504, 193 S. E., 814; *Broome v. Charlotte,* 208 N. C., 729, 182 S. E., 325. I do not think liability should be imposed as the result of considering matters beyond the immediate purpose and province of the operation involved, which was for the protection of the public.

SCHENCK, J., joins in this opinion.