## CATHEY v. CITY OF CHARLOTTE et al.

District Court, W. D. North Carolina, Charlotte Division. August 16, 1929.

John M. Robinson, of Charlotte, N. C., for plaintiff.

T. C. Guthrie and John A. McRae, both of Charlotte, N. C., for defendants.

WEBB, District Judge. This matter comes before me upon a motion of the plaintiff's counsel to remand the case to the state court, that it may be tried in Mecklenburg county, North Carolina. The action is brought against the city of Charlotte and the Southern Bell Telephone & Telegraph Company for the wrongful death of the plaintiff's intestate, William Graham Cathey. The intestate was employed by the city of Charlotte, particularly in the fire department, and was ordered by the city to remove a wire from the cross-arm of a telephone pole erected and maintained by the telephone company, but which wire was a part of the apparatus used by said city in its police and fire alarm system. The intestate was removing said wire when the pole broke and fell, so injuring him that he died. The Southern Bell Telephone & Telegraph Company is a foreign corporation, and the city of Charlotte is a governmental organization created by the Legislature of North Carolina.

When the suit was brought in the state court of Mecklenburg county, the defendant telephone company moved that it be transferred to the United States District Court for trial. The motion was granted, and the case was carried to the Supreme Court of North Carolina. This high court took the plaintiff's complaint as the basis of their opinion, and held that the plaintiff could not recover against the city of Charlotte, because the intestate was engaged in the work of the city and performing a governmental function when injured. The court, however, held that there was error on the part of the court below in directing the removal of the cause from the state to the federal court. Cathey, Adm'r, v. City of Charlotte et al., 197 N. C. 309, 148 S. E. 426. The defendant telephone company then filed the proper papers and transcript of the case in this court, and the plaintiff's counsel moves that the cause be remanded to the Mecklenburg county superior court.

This motion must be denied. The Supreme Court of the state has held that the plaintiff shall not recover against the local defendant, the city of Charlotte, and that leaves but one real defendant in the cause, and that is the telephone company, which is a nonresident corporation, and therefore entitled to have the cause tried in the federal court. I cannot agree that it is my duty to remand the case to the state court, and there, after the evidence is in, let counsel for the city of Charlotte make a motion to dismiss or nonsuit the action as to the city, presenting the Supreme Court's opinion above referred to as authority to do so, and thereby to leave the telephone company to be tried as the only defendant in the state court.

The federal courts are open under the law to nonresidents whenever they properly seek that forum, and it seems so clear to me that there is only one real defendant to respond in damages to this action that it would almost be a legal mockery to remand the case to the state court for trial.

The motion to remand is therefore denied, and I am signing an order to this effect to accompany this memorandum opinion.