FREEZE LOFLIN v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 30 June, 1936.)

**Railroads D b—Evidence held not to show contributory negligence as matter of law on part of plaintiff in crossing defendant's tracks.**

The evidence, considered in the light most favorable to plaintiff, tended to show that plaintiff approached defendant's four parallel tracks crossing the highway during the daytime, that plaintiff stopped his car forty-three feet from the first track and looked and listened, and again stopped, looked, and listened when he reached the first track, and, failing to see or hear defendant's approaching train, attempted to cross the tracks, and when reaching the third track, saw defendant's train approaching from the east on the third track when it was about three hundred feet away, that the train was running at a rate of sixty to sixty-five miles per hour and gave no signal by whistle or bell, and that the train struck plaintiff's car as he was attempting to leave it after seeing that he could not get safely across the track. The evidence also tended to show that an embankment on defendant's right of way prevented plaintiff from seeing more than three hundred feet to the east from the place where he first stopped, and prevented him seeing more than seven or eight hundred feet to the east from the place where he stopped the second time, and prevented him seeing more than six or seven hundred feet to the east when reaching the third track. *Held:* The evidence fails to disclose contributory negligence of plaintiff as a matter of law, and defendant's motion to nonsuit, based thereon, was properly refused.

STACY, C. J., dissents.

APPEAL by the defendant from *Shaw, J.,* at October Term, 1935, of DAVIDSON. No error.

*Phillips & Bower and Spruill & Olive for plaintiff, appellee.*
*Don A. Walser and Linn & Linn for defendant, appellant.*

SCHENCK, J. This was a civil action to recover damages for personal injuries and for destruction of an automobile alleged to have been proximately caused by the negligence of the defendant. The defendant pleaded the contributory negligence of the plaintiff in bar of his recovery. The defendant offered no evidence, and in the course of the trial conceded its own negligence, and upon its appeal presents but one question, namely, did the court err in denying its motion for judgment as of nonsuit, upon the ground that the plaintiff's evidence showed that he was guilty of contributory negligence?

The evidence, construed most favorably to the plaintiff, as it must be upon a motion to nonsuit, tended to show that the plaintiff, Freeze Loflin, in December, 1934, was working for the Hughes Lumber Company in Thomasville, which was located about 600 feet from the crossing of East End Street and the tracks of the defendant. That there were four tracks, the first known as the Belt Line track, the second as the Northbound track, the third as the Southbound track, and the fourth as the Switch track. Between 10 and 11 o'clock a.m., the plaintiff got in his Chevrolet automobile and started to drive from the lumber company's plant, located on the south side of defendant's tracks, to his brother's store, located on the north side thereof. While traveling along East End Street, and when in about 43 feet from the Belt Line track, the plaintiff stopped his car, looked up and down the track of the defendant, and, not seeing nor hearing any train, approached the crossing with his automobile in low gear and traveling four or five miles per hour. When he reached the first track of the defendant, the Belt Line track, he again looked up and down said tracks, and, not seeing nor hearing any train, continued on across the Northbound track, and when his car was on the third track, the Southbound track, he saw the defendant's train about 100 yards away, coming at a very rapid rate of speed, and, realizing that he did not have time to get across this track, jerked the left-hand door of his automobile open and attempted to get his body out of the way of the oncoming train, but when his feet were on the left running board of his automobile, the train struck it and knocked it about 50 yards west of the crossing, hurling the defendant 15 or 20 feet, and thereby injuring him and destroying his automobile. That the embankment on the defendant's right of way prevented the plaintiff, when he stopped 43 feet from the Belt Line track, from seeing more than 300 feet east down the defendant's tracks; that when the plaintiff's car reached the Belt Line track, where he again looked up and down said tracks, the curve in the defendant's tracks east of said crossing

prevented the plaintiff from seeing more than 700 or 800 feet east, and when the plaintiff's car reached the Southbound track, where it was struck by the defendant's train, the said curve prevented him from seeing more than 600 or 700 feet; that the defendant's train approached and passed over the said crossing, traveling at the rate of 60 or 65 miles an hour, and without blowing the whistle or ringing the bell or giving any other signal of its approach to said crossing.

We think, and so hold, that under the foregoing evidence his Honor properly submitted to the jury the issue of contributory negligence, and the jury having answered the issue in favor of the plaintiff, under a charge to which no exception is taken, we find on the record

No error.

STACY, C. J., dissents.