KAREN STUTTS COOPER v. TOWN OF SOUTHERN PINES AND SEABOARD COAST LINE RAILROAD COMPANY

No. 8120SC887

(Filed 6 July 1982)

1. **Municipal Corporations § 14.1; Railroads § 5.2— installation of automatic signal at railroad crossings—no duty of city**

G.S. 160A-298(c) allows a city to exercise its discretion in requiring improvements at railroad crossings but it is not under an obligation to do so, and there was neither evidence of abuse of discretion nor negligence in defendant's failing to require the installation of automatic signals at a railroad crossing where an automobile and train accident occurred.

2. **Municipal Corporations § 14.1; Railroads § 5.2— town's shrubbery obstructing motorist's view of train tracks—possible negligence—directed verdict for town improper**

     In an action arising from an accident between an automobile and a train, the trial court erred in directing a verdict for the town where the evidence was sufficient for the jury to reasonably infer that the town failed to exercise ordinary care in maintaining shrubbery along a public street and could foresee that its omission would cause an obstruction interfering with public safety. G.S. 160A-296(2).

3. **Railroads § 5.3— train and automobile accident—contributory negligence—jury question**

     In an action which evolved from an accident between a train and an automobile, the issue of plaintiff's contributory negligence should have been submitted to the jury since plaintiff's evidence supported the following conflicting conclusions: (1) a jury could conclude that if plaintiff had looked back to the right after crossing the first track, she should have seen the train in time to avoid the collision, or (2) a jury could find that with her view obstructed, plaintiff used her faculties the best she could to see if there was a danger and that negligence should not be imputed to her.

APPEAL by plaintiff from *Smith, Judge.* Order entered June 1981 in Superior Court, MOORE County. Heard in the Court of Appeals 6 April 1982.

Plaintiff appeals from a directed verdict in favor of Town of Southern Pines.

On 4 March 1978, plaintiff, then 17 years old, was crossing railroad tracks at New York Avenue in Southern Pines when her car was hit by a southbound train owned by Seaboard Coast Line Railroad Company. Plaintiff received injuries. Her sister, a passenger in the car, was killed.

Plaintiff filed a complaint alleging that the Town of Southern Pines (Town) was negligent in failing to require adequate safeguards at a known hazardous railroad crossing and in permitting shrubbery adjacent to the tracks to obstruct motorists' view. She alleged that defendant Railroad was negligent in failing to take reasonable measures to warn motorists of oncoming trains at a known hazardous crossing and in failing to keep a proper lookout for approaching motorists. Plaintiff sought compensatory and punitive damages from defendants.

At trial, plaintiff presented evidence that New York Avenue is a city-maintained street crossed by approximately 1,000 vehi-

cles per day. It is intersected by two parallel sets of railroad tracks. The tracks are lined on both sides with trees and shrubbery, planted and maintained by the Town.

A white bar indicating a stop extends across the westbound lane of New York Avenue, approximately sixteen feet from the center line of the easternmost railroad track. At this bar is a railroad crossbuck sign. There are nineteen feet from the center of the first track of the crossing to the center of the westernmost track. According to an expert in traffic engineering, it takes 6.7 seconds to travel from the position of the stop bar to the westernmost track.

Plaintiff testified that on 4 March 1978, she did not stop at the white bar on New York Avenue. She pulled directly up to the railroad tracks. She looked left, then right, then left again. To her left, she could see almost down to the next crossing. To her right, her view was obstructed by shrubbery and the angle of the tracks. She could see about halfway to the next crossing. After the second look to the left, plaintiff proceeded across the tracks. She did not look back to the right while crossing.

Plaintiff was struck by a train on the westernmost track. The train engineer testified that he saw plaintiff when he was approximately 75 feet from the crossing. He saw her stop at the east track and then proceed across.

According to plaintiff's witnesses, there have been five prior accidents at the crossing during 1966-1978. The crossing has a hazard index of 217.9.

At the close of plaintiff's evidence, both defendants moved for a directed verdict pursuant to Rule 50 of the Rules of Civil Procedure. The court denied the motion as to defendant Railroad and granted the motion as to defendant Town.

*Pollock, Fullenwider, Cunningham and Patterson, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Young, Moore, Henderson and Alvis, by John E. Aldridge, Jr., and Brown, Holshouser and Pate, by W. Lamont Brown, for defendant appellee.*

VAUGHN, Judge.

There are two issues on appeal. (1) Did plaintiff present sufficient evidence to submit the question of the Town's negligence to the jury? (2) If so, did plaintiff's evidence establish contributory negligence as a matter of law? For the following reasons, we conclude that the court improperly entered a directed verdict in favor of the Town.

To establish a *prima facie* case of negligence, plaintiff must establish that defendant owed her a duty of care, that defendant breached that duty, and that defendant's breach was the actual and proximate cause of her injury. *Burr v. Everhart*, 246 N.C. 327, 98 S.E. 2d 327 (1957). A directed verdict on the issue of negligence is improper unless the evidence, when viewed in the light most favorable to plaintiff, fails to show one of these elements.

[1] In the present action, plaintiff alleges that G.S. 160A-298(c) creates a duty of care which the Town breached. We disagree.

G.S. 160A-298(c) authorizes a city to require "the installation, construction, erection, reconstruction, and improvement of warning signs, gates, lights, and other safety devices at grade crossings. . . ." The exercise of control over railroad crossings has also been held to be within a municipality's inherent police power. *See R.R. Co. v. City of Winston-Salem*, 275 N.C. 465, 168 S.E. 2d 396 (1969); *Winston-Salem v. R.R.*, 248 N.C. 637, 105 S.E. 2d 37 (1958).

The fact that a city has the *authority* to make certain decisions, however, does not mean that the city is under an *obligation* to do so. The words "authority" and "power" are not synonymous with the word "duty." When the legislature intended to create a duty in Chapter 160A, it did so expressly. *See* G.S. 160A-296.

G.S. 160A-298 allows a city to exercise its discretion in requiring improvements at railroad crossings. There is no mandate of action. Courts will not interfere with discretionary powers conferred on a municipality for the public welfare unless the exercise (or nonexercise) of those powers is so clearly unreasonable as to constitute an abuse of discretion. *Riddle v. Ledbetter*, 216 N.C. 491, 493-94, 5 S.E. 2d 542, 544 (1939).

In the instant case, we find no evidence of an abuse of discretion. We, therefore, hold, as a matter of law, that the Town was not negligent in failing to require the installation of automatic signals at the New York Avenue crossing. In so holding, we necessarily overrule plaintiff's Assignments of Error Nos. 2 and 3. Those exceptions pertain to the admissibility of exhibits relevant solely to plaintiff's claims under G.S. 160A-298.

[2]   Plaintiff claims that the Town was also negligent in allowing shrubbery to obstruct a motorist's view of the tracks in violation of G.S. 160A-296(2). Unlike G.S. 160A-298, G.S. 160A-296(2) does create an affirmative duty of care: A city shall have "[t]he duty to keep the public streets, sidewalks, alleys, and bridges . . . free from unnecessary obstructions." An obstruction can be anything, including vegetation, which renders the public passageway less convenient or safe for use.

In the present case, plaintiff presented evidence that the Town had improved the area bordering both sides of the tracks. There were evergreen trees, large magnolia trees, many azaleas, dogwood trees, and oak trees. The Town was responsible for the pruning of those plants. Plaintiff testified that when she stopped at the crossing, her view to the right was not clear: "Bushes and shrubs and stuff—most of those were in the way. The bushes appeared to be full and green and about medium height."

From such evidence, a jury could reasonably infer that the Town failed to exercise ordinary care in maintaining shrubbery along a public street and could foresee that its omission would cause an obstruction interfering with public safety. We conclude that the court erred in entering a directed verdict in defendant's favor on the issue of negligence.

[3]   Defendant argues that the court nevertheless properly directed a verdict in its favor because plaintiff's evidence established contributory negligence as a matter of law. We disagree.

Contributory negligence is a jury question unless the evidence is so clear that no other conclusion is possible. *R.R. v. Trucking Co.*, 238 N.C. 422, 78 S.E. 2d 159 (1953); *Ridge v. Grimes*, 53 N.C. App. 619, 281 S.E. 2d 448 (1981). Here, plaintiff stopped before the tracks. She looked in both directions but did not see a

train. Her view to the right was obstructed by shrubbery and the angle of the tracks. Once she proceeded across the first set of tracks, she never looked back to the right. The train engineer saw plaintiff's car at the easternmost track when he was 75 feet from the crossing.

Plaintiff's evidence supports conflicting conclusions. There were nineteen feet between the two sets of tracks. A jury could conclude that had plaintiff looked back to the right after crossing the first track, she should have seen the train in time to avoid the collision. A jury could also find, however, that with her view obstructed, plaintiff used her faculties the best she could to see if there was danger and that negligence should not be imputed to her. Where conflicting inferences can be drawn from the evidence, there is no contributory negligence as a matter of law. *See Coltrain v. R.R.*, 216 N.C. 263, 4 S.E. 2d 853 (1939); *Loflin v. R.R.*, 210 N.C. 404, 186 S.E. 493 (1936).

We conclude that plaintiff presented evidence that would support a finding that Town's negligence was a proximate cause of her injuries. The court erred in directing a verdict in defendant's favor. The order is reversed.

Reversed.

Judges MARTIN (Robert M.) and ARNOLD concur.