GLORIA McDONALD, PERSONAL REPRESENTATIVE OF THE ESTATE OF GEORGE MARTIN McDONALD, PLAINTIFF v. VILLAGE OF PINEHURST, DEFENDANT AND THIRD PARTY PLAINTIFF v. MARGARET AGNES LAVERY, THIRD PARTY DEFENDANT

No. 8820DC220

(Filed 18 October 1988)

1. **Municipal Corporations § 14.1— duty to trim bushes obstructing streets—city not immune from liability**

     Defendant city had the positive duty to keep its streets free of unnecessary obstructions, untrimmed shrubs and bushes which obstructed the view of motorists using its streets, and defendant was not immune from civil liability for such negligence.

2. **Municipal Corporations § 12.3— procurement of liability insurance—carrier insolvent—waiver of governmental immunity not negated**

     A waiver of governmental immunity is not negated within the meaning of N.C.G.S. § 160A-485 by the insured's carrier becoming insolvent.

APPEAL by plaintiff from *Wallace, Judge*. Order entered 5 October 1987 in District Court, MOORE County. Heard in the Court of Appeals 8 September 1988.

Plaintiff's intestate was run over and killed on 18 October 1983 in the Village of Pinehurst by a vehicle that had been struck by a car driven by Margaret Lavery. In suing defendant municipality plaintiff alleged, in gist, that its negligent failure to maintain and prune shrubs adjacent to the streets involved proximately contributed to the automobiles colliding and her intestate's death. Defendant denied the allegations and filed a third-party complaint against Lavery, alleging that her negligence was the sole proximate cause of the death. Later defendant municipality filed an amended answer, alleging, in substance, that: It is immune to plaintiff's suit since maintaining its streets is a governmental function; and it has no insurance coverage that would constitute a waiver of immunity under the provisions of G.S. 160A-485 because its liability insurer, Iowa National Mutual Insurance Company, is insolvent and in the process of being liquidated. The parties agreed to treat the amended answer as a motion for summary judgment, which defendant supported with an affidavit by its manager to the effect that: When the accident occurred the only liability insurance the Village had that was applicable to plaintiff's claim was a policy with Iowa National Mutual Insurance Company and since then that company had become insolvent and its business was being liquidated. The motion was granted and plaintiff's action was dismissed.

*Pollock, Fullenwider, Cunningham & Patterson, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by W. Lamont Brown, for defendant and third-party plaintiff appellee Village of Pinehurst.*

*No brief filed for third-party defendant Margaret Agnes Lavery.*

PHILLIPS, Judge.

The validity of the order dismissing plaintiff's action depends upon the correctness of the two conclusions of law that the court implicitly drew from defendant's amended answer and affidavit:

McDonald v. Village of Pinehurst

That unless waived by having liability insurance defendant municipal corporation is immune from plaintiff's action; and that defendant's waiver of immunity from civil liability by the purchase of insurance was negated as a matter of law by the insolvency of its insurer. Neither conclusion is correct and the order is erroneous on both grounds.

[1] Plaintiff's action is based upon defendant's alleged negligence in failing to keep its streets free of unnecessary obstructions — untrimmed shrubs and bushes that obstructed the view of motorists using the streets involved — and so far as we can determine municipalities in this State have never been immune from civil liability for such negligence. In all events: Since *Bunch v. Town of Edenton*, 90 N.C. 431 (1884), our law has been that municipalities have the positive duty to maintain their streets and sidewalks in a safe condition and keep them free of unnecessary obstructions and are civilly liable for negligently failing to discharge that duty; at least since 1917, if not earlier, that duty has had legislative sanction through G.S. 160A-296 and its predecessors. This long-established rule of law, though not referred to by plaintiff appellant, requires that the order be set aside. For a discussion of actions that cities are and are not civilly immune from, see *Millar v. The Town of Wilson*, 222 N.C. 340, 23 S.E. 2d 42 (1942); *Hamilton v. City of Rocky Mount*, 199 N.C. 504, 154 S.E. 844 (1930); *Cooper v. Town of Southern Pines*, 58 N.C. App. 170, 293 S.E. 2d 235 (1982).

[2] Thus, insofar as this case is concerned defendant had no immunity to waive and the insolvency of its insurer did not affect its liability. But if there had been a waiver it would not have been negated, even though by purchasing liability insurance a municipality waives its immunity only to the extent that it is *"indemnified* by the insurance contract from tort liability," G.S. 160A-485(a) (emphasis supplied); which means, of course, that upon ceasing to be indemnified by the insurance so obtained the waiver of immunity is negated. This is so because in this State behind every licensed liability insurance company that becomes insolvent is an agency created by G.S. 58-155.46 that, to some extent and under certain conditions, takes over the insolvent's obligations to indemnify its insureds by paying legally entitled claimants. The agency, the North Carolina Insurance Guaranty Association, is comprised of and supported by all liability insurance companies

that do business in this State; and its main function, subject to limits and conditions that need not be discussed here, is to pay legally entitled claimants what member insurers would have been required to pay had they not become insolvent; and nothing in the record suggests that defendant is not now indemnified from liability to plaintiff by this agency to some extent. Defendant's argument that its waiver of immunity was negated since the indemnification it might still have is not under its contract with Iowa National Mutual Insurance Company is rejected; because the obligations that the Association has to both plaintiff and defendant are traceable to defendant's insurance contract with Iowa National Mutual Insurance Company, and any payment the Association might make to plaintiff would necessarily indemnify defendant to that extent. To hold that a waiver of immunity is negated within the meaning of G.S. 160A-485 by the insured's carrier becoming insolvent would, for no sensible reason, deprive worthy claimants of the legal redress and insurance purchasing municipalities of the indemnification that the statute was enacted to provide.

Vacated.

Judges EAGLES and PARKER concur.