WILLIAM R. SISK, Plaintiff v. CITY OF GREENSBORO, Defendant

No. COA06-1253

(Filed 5 June 2007)

**1. Immunity— governmental—city—controlling traffic during funeral procession—governmental function**

Governmental immunity applies to a city when a traffic accident occurs on a city street during a funeral procession, and the trial court properly dismissed the action here. N.C.G.S. § 160A-296(a)(2) requires a city to keep public streets free from unnecessary obstructions, but a moving car, even if operated negligently, cannot be considered an "obstruction" within the statute.

**2. Immunity— governmental—funeral procession—traffic light timing**

The timing of traffic control signals is a governmental function within the doctrine of immunity, and plaintiff failed to state a cause of action arising from a traffic accident where she contended that a city breached its standard of care by not providing a green light to a funeral procession.

**3. Immunity— governmental—law enforcement—control of traffic**

Law enforcement is a governmental function, and immunity applies to any nonfeasance by a city police department in not guarding against a traffic accident in a funeral procession.

Appeal by plaintiff from an order entered 9 August 2006 by Judge Ronald E. Spivey in Guilford County Superior Court. Heard in the Court of Appeals 28 March 2007.

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiff-appellant.*

*Hill Evans Jordan & Beatty, by Polly D. Sizemore, for defendant-appellee.*

SISK v. CITY OF GREENSBORO

[183 N.C. App. 657 (2007)]

HUNTER, Judge.

William R. Sisk ("plaintiff") appeals from the dismissal of his complaint for failure to state a claim upon which relief could be granted. After careful consideration, we affirm the trial court's dismissal of this action.

Plaintiff was a passenger in a car that was participating in a funeral procession. The car in which plaintiff was riding was struck while it was going through an intersection. As a result of the accident, plaintiff sustained a spinal cord contusion and a disc herniation.

Plaintiff alleges that the City of Greensboro ("the City") had been notified about the funeral and was escorting the procession. Plaintiff claims that the City failed to follow standard operating procedure by: (1) not altering the operation of the traffic light; and/or (2) not stationing police officers and police vehicles in such a manner as to prevent automobiles from entering the intersection until the funeral procession had passed.

Plaintiff presents one issue for this Court's review: Whether governmental immunity applies to the City when a traffic accident occurs on a city street during a funeral procession.

"When a party files a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), '[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.' "

*Whitehurst v. Hurst Built, Inc.*, 156 N.C. App. 650, 653, 577 S.E.2d 168, 170 (2003) (citations omitted). The complaint must be liberally construed and should not be dismissed " 'unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.' " *Id.* (citation omitted). This Court reviews a ruling on a motion to dismiss *de novo* to determine the legal sufficiency of the pleadings. *Id.*

A motion to dismiss is properly granted in three circumstances: (1) where the complaint reveals that no law supports the claim; (2) a fact essential to the claim is missing; or (3) when a fact in the complaint defeats the plaintiff's claim. *Hare v. Butler*, 99 N.C. App. 693, 696, 394 S.E.2d 231, 234 *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

**SISK v. CITY OF GREENSBORO**

[183 N.C. App. 657 (2007)]

## I.

**[1]** Plaintiff argues that the City was not protected by governmental immunity because the safe streets exception to immunity applies in this case. We disagree. Acts of municipalities can be divided into two categories: (1) governmental functions, that is, discretionary, political, legislative, or those public in nature preformed for the public good; and (2) proprietary functions, that is, activities which are commercial or chiefly for the private advantage of the compact community. *Evans v. Housing Auth. of City of Raleigh*, 359 N.C. 50, 54, 602 S.E.2d 668, 671 (2004) (citing *Millar v. Town of Wilson*, 222 N.C. 340, 341, 23 S.E.2d 42, 44 (1942)). If the activity complained of is governmental, the municipality is entitled to governmental immunity. *Id.* Maintenance of a public road and highway is generally considered a governmental function; however, "exception is made in respect to streets and sidewalks of a municipality." *Millar*, 222 N.C. at 342, 23 S.E.2d at 44.

The exception is found in N.C. Gen. Stat. § 160A-296(a)(2) (2005). Under this statute, a city is under a "duty to keep the public streets, sidewalks, alleys, and bridges open for travel and free from *unnecessary obstructions*[.]" *Id.* (emphasis added). In certain circumstances, a city's failure to keep a street unobstructed will result in the imposition of liability. *Millar*, 222 N.C. at 342, 23 S.E.2d at 44.

The issue in the instant case is whether this statute applies. If it does not, plaintiff concedes that this cause of action would be barred by the doctrine of governmental immunity.[1] We conclude that the statute does not apply and plaintiff's cause of action was properly dismissed by the trial court.

This Court has previously stated that "[a]n obstruction can be anything . . . which renders the public passageway less convenient or safe for use." *Cooper v. Town of Southern Pines*, 58 N.C. App. 170, 174, 293 S.E.2d 235, 237 (1982). Plaintiff relies on this statement to argue that traffic on a crossing street is "another type of obstruction against which the municipality has a duty to protect its citizens." We disagree. In *Cooper*, we held that shrubbery growing up at a railroad crossing was an obstruction under the statute for which a municipality could be held liable. *Id.*

In that case, the shrubbery was along a public road and there was evidence that the town had failed to trim it back. *Id.* Additionally

---

1. We note that plaintiff has not alleged that the City has waived its immunity by the purchase of liability insurance and specifically stated that they cannot so allege.

there was evidence that the town had actually been improving the area. *Id.* In the instant case, there is no evidence that the Town had any control over the car that struck plaintiff or that it was a fixture alongside a public road. Plaintiff attempts to analogize a shrub to a car, but we are unwilling to expand the holding of *Cooper* in that manner. To do so would lead to the absurd result of subjecting a municipality to potential liability every time there is a traffic accident on a city street. In short, a moving car that is being operated, even if negligently, cannot be considered an "obstruction" within the meaning of N.C. Gen. Stat. § 160A-296(a)(2). Therefore, we find that the City is immune from suit and the trial court properly dismissed plaintiff's purported cause of action.

**[2]** Plaintiff next argues that the City breached its standard of care by not providing a green light to the funeral procession and a red light to the crossing traffic. In other words, plaintiff argues that the timing of the lights fell below the City's standard of care. Our courts, however, have " 'consistently held that installation, maintenance and *timing of traffic control signals* at intersections are discretionary governmental functions.' " *Cucina v. City of Jacksonville*, 138 N.C. App. 99, 107, 530 S.E.2d 353, 357 (2000) (emphasis omitted and emphasis added) (citation omitted). Because the timing of the traffic signal is a discretionary governmental function, and thus within the doctrine of immunity, plaintiff has failed to state a cause of action.

**[3]** Plaintiff's final argument is that the police had a duty to prevent automobiles on the cross street from striking plaintiff's vehicle. We disagree. It is well settled that law enforcement is a governmental function. *Jones v. Kearns*, 120 N.C. App. 301, 305, 462 S.E.2d 245, 247, *disc. review denied*, 342 N.C. 414, 465 S.E.2d 541 (1995). As we have already stated, if an action is considered a governmental function that action is immune from suit. *Evans*, 359 N.C. at 53-54, 602 S.E.2d at 671. Accordingly, any *nonfeasance* by the City's police department in guarding against the type of accident that occurred in this case is immune from suit. Therefore, we reject plaintiff's argument on this issue.

II.

In summary, we hold that the trial court correctly determined that the City was protected by governmental immunity, and that plaintiff has failed to state a cause of action.

Affirmed.

Judges TYSON and JACKSON concur.