HAYLURI BECKLES-PALOMARES, Administrator of the Estate of Joshua Franklin Beckles-Palomares, Plaintiff v. MICHAEL ANDREW LOGAN, JR., CITY OF WINSTON-SALEM, FLOW 425 SILAS CREEK PARKWAY, LLC, FLOW COMPANIES, INC., NORMAN L. MOORE, Defendants

No. COA09-567

(Filed 2 February 2010)

**1. Appeal and Error— interlocutory orders—governmental immunity—public duty doctrine**

The denial of summary judgment for a city affected a substantial right and was immediately appealable under the doctrine of governmental immunity and the public duty doctrine.

**2. Immunity— governmental—ordinances requiring vegetation to be trimmed**

The trial court correctly denied the City's motion for summary judgment in an automobile accident case where the motion was grounded on the public duty doctrine. That doctrine was not applicable to a negligence allegation involving the failure to require a resident to trim vegetation next to a street, which was not a negligent failure on the part of a law enforcement agency exercising its general duty to protect the public. The public duty doctrine was also not applicable to allegations concerning the City's failure to comply with its own ordinances.

**3. Immunity— governmental—roadside vegetation—issues of fact**

In an action arising from an automobile collision on City's street in which the City claimed it was immune because there was no genuine issue of fact about breach of the City's statutory duties, there were material issues of fact about whether vegetation and parked cars constituted obstructions, whether the City had actual or implied notice of the obstructions, and whether the

obstructions were the proximate cause of the accident and of decedent's death.

**4. Negligence— auto accident—roadside vegetation—intervening cause—drunken driving—issue of fact**

A genuine issue of fact existed in an automobile accident case as to whether a city's failure to control roadside vegetation was the proximate cause of plaintiff's injury or whether defendant Logan's driving after drinking and being on the wrong side of the road were intervening causes.

**5. Appeal and Error— preservation of issues—abandonment of argument**

In an automobile accident case where it was alleged that the City had allowed vegetation to become overgrown, a statute of repose argument was abandoned on appeal where it was pled, assigned as error, and raised in the reply brief, but not in the principal brief. Even if the argument had been properly raised, it had no merit as the City has a duty to exercise continuing supervision of its streets.

Appeal by defendant City of Winston-Salem from order entered 9 December 2008 by Judge Jerry Cash Martin in Forsyth County Superior Court. Heard in the Court of Appeals 16 November 2009.

*Walter C. Holton, Jr., PLLC, by Walter C. Holton Jr., for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan, Jr., for defendant-appellant.*

MARTIN, Chief Judge.

On 20 May 2006, seven-year-old Joshua Beckles-Palomares[1] ("Joshua") was riding his bicycle south on Freeman Street in Winston-Salem, down a slight grade and approaching a "T" intersection with Wells Street. The intersection is controlled by a stop sign requiring vehicles on Freeman Street to stop before entering Wells Street. Michael Logan ("defendant Logan") was driving his sport utility vehicle east on Wells Street toward the intersection with Freeman Street, and was driving left of the center of Wells Street. Joshua entered the intersection, turning right onto Wells Street possibly

---

1. The decedent is referred to alternatively in the record and pleadings as Joshua Franklin Beckles-Palomares and Joshua Franklin Palomares-Beckles.

without stopping, and was struck and killed by defendant Logan's vehicle. Defendant Logan's blood alcohol level shortly after the collision was above the legal limit. Defendant Logan pled guilty to involuntary manslaughter.

Norman L. Moore ("defendant Moore") owns the property located on the northwest corner of the intersection of Freeman Street and Wells Street. On this corner, there is a retaining wall, a bank, and evergreen ground cover.

Flow 425 Silas Creek Parkway, LLC, and Flow Companies, Inc., (collectively "the Flow defendants") own property located at 455 Wells Street, on the south side of Wells Street, and operate an automobile body repair business. At his deposition, defendant Logan stated that he was driving down the center of the road because the vehicles belonging to the Flow defendants were parked "on down into the side of" Wells Street.

Plaintiff, who is Joshua's mother and the administrator of his estate, brought suit against: defendant Logan for his alleged negligence in driving under the influence and on the wrong side of the road; defendant Moore for his alleged negligence in failing to keep his property free from vegetation that could obstruct the view of persons using the intersection of Wells Street and Freeman Street; the Flow defendants for their alleged negligence in parking their cars in such a way as to obstruct the flow of traffic on Wells Street; and the City of Winston-Salem ("defendant City") for its alleged negligence in violating various safety statutes and municipal ordinances regulating the maintenance of its streets, obstructions to vision and traffic, and parking regulations. All defendants except defendant Moore pled the affirmative defense of contributory negligence on Joshua's part for failing to stop at the stop sign and on the part of plaintiff for failing to supervise her minor child. The record contains no answer from defendant Moore.

Defendants Flow, Moore, and City moved for summary judgment. In its motion, defendant City asserted, among other things, that plaintiff's suit was barred by governmental immunity and the public duty doctrine. Plaintiff moved for summary judgment against all defendants with respect to their defenses of contributory negligence. The trial court denied plaintiff's motions for summary judgment and defendant City's motion for summary judgment. Plaintiff submitted to voluntary dismissals with prejudice with respect to her claims against defendant Moore and the Flow defendants. Defendant City of

Winston-Salem appeals from the order denying its motion for summary judgment.

---

[1] An appeal from the denial of a motion for summary judgment is interlocutory. *Estate of Hewett v. County of Brunswick*, —— N.C. App. ——, ——, 681 S.E.2d 531, 533 (2009). However, defendant City asserts the denial of its motion affects its substantial rights, so that the order is immediately appealable pursuant to N.C.G.S. § 1-277(a) under the doctrine of both governmental immunity and the public duty doctrine. This Court has recognized that the denial of dispositive motions based upon both doctrines affect a defendant's substantial right and are immediately appealable. *Estate of McKendall v. Webster*, —— N.C. App. ——, ——, 672 S.E.2d 768, 769 (2009); *Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283, *aff'd per curiam*, 344 N.C. 729, 477 S.E.2d 171 (1996).

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). The standard of review of an order granting or denying a motion for summary judgment is *de novo. Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009).

## I.

[2] Defendant City first contends it is entitled to summary judgment because the alleged negligent acts relied upon by plaintiff in her claim against it involved defendant City's failure "to protect [Joshua] from the wrongful, criminal acts of others" and such claims are barred by the public duty doctrine.

The North Carolina Supreme Court first adopted the public duty doctrine in North Carolina in *Braswell v. Braswell*, 330 N.C. 363, 371, 410 S.E.2d 897, 902 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992). In *Braswell*, the plaintiff sought to recover damages from the sheriff of Pitt County, alleging that he negligently failed to protect plaintiff's mother from being murdered by her estranged husband, who was a deputy sheriff. *Id.* at 366, 410 S.E.2d at 899. The Court affirmed a directed verdict for the defendant sheriff, and in so doing, adopted the public duty doctrine, which is a common law rule pro-

viding that "a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Id.* at 370, 410 S.E.2d at 901. The rationale for the rule is a recognition of "the limited resources of law enforcement" and a refusal "to judicially impose an overwhelming burden of liability for failure to prevent every criminal act." *Id.* at 370-71, 410 S.E.2d at 901. The Court also adopted two recognized exceptions to the public duty doctrine, generally called the "special duty" exception and the "special relationship" exception. *Id.* at 371, 410 S.E.2d at 902. Neither exception is applicable to the facts of this case and we do not discuss them.

Although the holding in *Braswell* was explicitly limited to the facts of that case, application of the doctrine was subsequently expanded to bar liability of municipalities for negligent performance of public duties beyond those related to law enforcement departments. *See Simmons v. City of Hickory*, 126 N.C. App. 821, 826, 487 S.E.2d 583, 587 (1997) (holding that the public duty doctrine applied to bar claim against city for negligence in housing inspections); *Davis v. Messer*, 119 N.C. App. 44, 54-57, 60, 457 S.E.2d 902, 908-12 (holding that the public duty doctrine applied to claims against the town and fire chief for negligence in responding to a fire call, although plaintiff presented sufficient evidence to show the "special duty" exception applied), *disc. reviews denied*, 341 N.C. 647, 462 S.E.2d 508 (1995); *Prevette v. Forsyth Cty.*, 110 N.C. App. 754, 757-58, 431 S.E.2d 216, 218 (holding that the public duty doctrine applied to the county's animal control departments) *disc. review denied*, 334 N.C. 622, 435 S.E.2d 338 (1993). In addition, the North Carolina Supreme Court has applied the doctrine to bar claims against State agencies under the Tort Claims Act, *Stone v. N.C. Dep't of Labor*, 347 N.C. 473, 482, 495 S.E.2d 711, 716, *reh'g denied*, 348 N.C. 79, 502 S.E.2d 837, *cert. denied*, 525 U.S. 1016, 142 L. Ed. 2d 449 (1998), and "to state agencies required by statute to conduct inspections for the public's general protection." *Lovelace v. City of Shelby*, 351 N.C. 458, 461, 526 S.E.2d 652, 654, *reh'g denied*, 352 N.C. 157, 544 S.E.2d 225 (2000). However, in *Isenhour v. Hutto*, 350 N.C. 601, 517 S.E.2d 121 (1999), the Supreme Court declined to apply the doctrine to a claim against the City of Charlotte for the negligence of a school crossing guard, noting a very real distinction between the provision of law enforcement protection to the general public and the duties of a crossing guard. *Id.* at 608, 517 S.E.2d at 126. And, in *Lovelace*, the Court reiterated that its holding in *Braswell* was limited to the facts of that case and specifically noted that it had never expanded "the

public duty doctrine to *any local government* agencies other than *law enforcement departments when they are exercising their general duty to protect the public . . . ." Lovelace*, 351 N.C. at 461, 526 S.E.2d at 654 (emphasis added).

More recently, the Supreme Court stated, "The public duty doctrine is a rule grounded in common law negligence and provides that 'when a governmental entity owes a duty to the general public, particularly a statutory duty, individual plaintiffs may not enforce the duty in tort.' " *Watts v. N.C. Dep't of Env't & Natural Res.*, 362 N.C. 497, 498, 666 S.E.2d 752, 753 (2008) (quoting *Myers v. McGrady*, 360 N.C. 460, 465-66, 628 S.E.2d 761, 766 (2006)). Although the Court used the broad term "governmental entity," we do not believe the Court intended by its language to *sub silentio* overrule *Lovelace* and expand the application of the public duty doctrine with respect to local government entities beyond law enforcement.

With those principles in mind, we turn to defendant City's argument with respect to the application of the public duty doctrine to the allegations of plaintiff's complaint, i.e., that plaintiff's claims were that "the City failed to prevent the criminal acts of Logan, Flow, and Moore and/or failed to protect [Joshua] from the criminal acts of Logan, Flow, and Moore." Our examination of the plaintiff's allegations with respect to the negligence of defendant City, however, reveals that plaintiff has asserted no claims based upon defendant City's negligent failure to prevent the criminal acts of Logan, Flow or Moore, or protect Joshua from such acts. With respect to defendant City, plaintiff alleged:

19. The defendant City of Winston-Salem breached this duty of care on May 20, 2006, and was negligent in that:

a. The defendant failed to keep the public streets of Freeman and Wells Streets in proper repair in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(1), constituting negligence per se.

b. The defendant failed to establish an appropriate policy and procedure to inspect and to keep its streets in a safe and proper condition, free from unnecessary obstruction due to overgrown vegetation and to vehicles parked in prohibited areas, in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(1) and (2); constituting negligence per se.

b.[2] The defendant failed to keep the public streets of Freeman and Wells Streets free from unnecessary obstructions, including untrimmed vegetation, shrubs and bushes within the right-of-way, that obstruct the vision of motorists, pedestrians and bicyclists in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(2) and Section 74-19 of the Winston-Salem Municipal Code, constituting negligence per se.

c. The defendant failed to enforce the safety statutes of the Municipal Code in that the defendant failed to require the property owner, defendant Moore, to remove or trim the vegetation, shrubs and bushes located on his property within the right-of-way that could obstruct the view of motorists, pedestrians and bicyclists in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(2) and Section 74-19 of the Winston-Salem Municipal Code, constituting negligence per se.

d. The defendant failed to keep the public streets of Freeman and Wells Streets free from unnecessary obstructions, including cars parked within an intersection, cars parked within 25 feet of intersecting curb lines, and cars parked within a lane designated for moving traffic in such a way as to obstruct the movement of traffic in that lane, in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(2) and Section 42-153(a) of the Winston-Salem Municipal Code, constituting negligence per se.

e. The defendant failed to erect and maintain appropriate signs on Wells Street giving proper notice to motorists of the parking limitations and prohibitions on Wells Street, in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(5) and Section 42-160(b) of the Winston-Salem Municipal Code, constituting negligence per se.

f. The defendant failed to insure that cars parked along Wells Street were parked facing the appropriate direction in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(5) and Sections 42-152 and 42-162 of the Winston-Salem Municipal Code, constituting negligence per se.

g. The defendant knew or should have known that the vegetation at the intersection of Wells and Freeman Streets

2. Duplicative numbering is consistent with that of plaintiff's original complaint.

caused a "blind intersection," creating a dangerous and hazardous condition for the public, including Joshua. The defendant failed to take any action to warn the public, including Joshua, of the existence of the dangerous condition caused by the overgrowth of vegetation on the property in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(5), constituting negligence per se.

h. Upon information and belief, the defendant failed to require the issuance of a permit for the construction of a parking area in the right-of-way of Wells Street by the defendants Flow and failed to review properly the existing connections to the street as a result of said construction in violation of safety statute N.C. Gen. Stat. § 160A-296(a)(5) and Section 74-213 of the Winston-Salem Municipal Code, constituting negligence per se.

i. The defendant was otherwise negligent in such other ways as will be shown at trial.

Only one of these allegations, paragraph 19(c), implicates a negligent failure by defendant City to enforce its municipal code by failing to require defendant Moore to remove or trim the vegetation on his property. The Winston-Salem Municipal Code Section 74-19 places the burden of removing vegetation on the owner, tenant or occupant of the lot bordering the street and if the owner, tenant, or occupant fails to remove the vegetation, the burden falls on the "assistant city manager/public works or his designee." Winston-Salem, N.C., Code of Ordinances § 74-19 (2006). Thus, the allegation does not allege a negligent failure on the part of a law enforcement agency exercising its general duty to protect the public and, under *Lovelace*, the public duty doctrine does not apply to shield defendant City from liability for this claim. The remaining allegations of paragraph 19 of plaintiff's complaint allege defendant City's negligent failure to comply with its own municipal safety ordinances and various provisions of N.C.G.S. § 160A-296(a) and the public duty doctrine is inapplicable to these allegations as well. The trial court correctly denied defendant City's summary judgment motion grounded on the public duty doctrine.

II.

[3] Defendant City next contends that it is immune from suit under the doctrine of governmental immunity for the claims brought by plaintiff, and that it has not waived its governmental immunity pur-

suant to N.C.G.S. 160A-485 because it has not purchased liability insurance covering the claims. However, plaintiff has alleged defendant City was negligent in violating N.C.G.S. § 160A-296, which gives a municipality the authority to regulate the use of its streets and sidewalks and, in addition, imposes a positive duty upon the municipality to keep them in proper repair, in a reasonably safe condition, and free from unnecessary obstructions. N.C. Gen. Stat. § 160A-296(a)(1),(2), and (5) (2009); *Stancill v. City of Washington*, 29 N.C. App. 707, 710, 225 S.E.2d 834, 836 (1976). The statute creates an exception to the doctrine that a municipality will have immunity from liability for negligence in the performance of a governmental function, *Sisk v. City of Greensboro*, 183 N.C. App. 657, 659, 645 S.E.2d 176, 179, *disc. reviews denied and dismissed*, 361 N.C. 569, 650 S.E.2d 812 (2007), and, by reason thereof, the doctrine of governmental immunity has no application to protect a city from liability for a negligent breach of the statutory duties so imposed. *McDonald v. Village of Pinehurst*, 91 N.C. App. 633, 635, 372 S.E.2d 733, 734 (1988).

Defendant City argues that it is entitled to summary judgment because, as a matter of law, there were no genuine issues of fact as to (1) the existence of any obstruction, (2) that defendant City had any notice of a dangerous condition at the intersection of Wells and Freeman Streets, or (3) that any obstruction was a proximate cause of the collision and Joshua's death. Therefore, defendant City argues, there was no genuine issue of fact with respect to any negligent breach of any of the duties imposed upon it by N.C.G.S. § 160A-296 and it is immune from suit.

Defendant City first contends plaintiff presented no evidence to create an issue of fact with respect to its breach of the statutory requirement to keep its streets and sidewalks clear of obstructions because there were no obstructions. Defendant City argues the vegetation could not be considered an obstruction because it is "undisputed" that a driver traveling down Freeman Street who obeyed the traffic laws would have nothing obstructing his view of the traffic on Wells Street. However, plaintiff's expert witness, Sean Dennis, stated "that corner," which includes the retaining wall, the bushes, and the ground underneath, "presented a sight obstruction both for traffic . . . on Wells looking to the right of Freeman [and] . . . on Freeman looking to the right of Wells and same for traffic traveling east on Freeman looking left to look up Wells." In *Cooper v. Town of Southern Pines*, 58 N.C. App. 170, 293 S.E.2d 235 (1982), this Court defined an obstruction as "anything, including vegetation, which ren-

ders the public passageway less convenient or safe for use." *Id.* at 174, 293 S.E.2d at 237. Plaintiff's expert stated that the vegetation was an obstruction and defendant Logan in his deposition stated that the position of the parked cars caused him to drive down the center of the road. Under the *Cooper* definition, both the vegetation and parked cars could constitute obstructions which might violate the requirements of N.C.G.S. § 160A-296.

Defendant City further argues that it is entitled to summary judgment because there was no evidence that it had notice of the alleged obstructions. *See Bowman v. Town of Granite Falls*, 21 N.C. App. 333, 334-35, 204 S.E.2d 239, 240-41 (1974) (holding "notice of the defect, actual or constructive, and a failure to act on the part of the municipality to remedy the situation are prerequisites to recovery in an action involving a municipality"). Plaintiff counters there are genuine issues of fact as to whether defendant City had actual or implied notice of the obstructions. First, plaintiff argues that defendant City had actual notice of the vegetation because it had planted the vegetation in the 1970s. Plaintiff also directs us to a curb usage study performed by defendant City's Traffic Engineering Division in 1987 which indicated that parking on both sides of Wells Street obstructed the travel lanes to a point such that emergency vehicles would not be able to use the road. Moreover, plaintiff also claims that if defendant City did not have actual notice, the evidence gives rise to an inference that it had implied notice based on the length of time the alleged obstructions had been present. *See Fitzgerald v. Concord*, 140 N.C. 110, 113, 52 S.E. 309, 310 (1905) (holding "when observable defects in a highway have existed for a time so long that they ought to have been observed, notice of them is implied, and is imputed to those whose duty it is to repair them"). We agree with plaintiff and conclude there are genuine issues of material fact as to whether or not defendant City had actual or implied notice of the obstructions.

Defendant City also argues that it is entitled to summary judgment because there is no genuine issue of fact that the alleged obstructions were a proximate cause of Joshua's death and that such a conclusion would, at most, be purely speculative. We disagree. In defendant Logan's deposition, he stated that he was driving down the center of Wells Street because of the cars parked illegally in the street. Sean Dennis, plaintiff's expert witness, testified in his deposition that the position of defendant Logan's vehicle, left of the center of the street, was a contributing factor to the accident. With regard to the vegetation, defendant Logan stated that he could only see the top

of Joshua's helmet over the bushes and that by the time he saw Joshua it was only a split second before he was in front of the vehicle. He also stated, "If [the shrubbery] wasn't there, you know, maybe I could of seen him before he got—got through the stop sign or whatever." Sean Dennis also testified that the vegetation would have been a sight obstruction for both Joshua and defendant Logan.

Defendant City also argues that any negligence on its part in failing to keep the roads clear of obstructions was not a proximate cause of the accident and Joshua's death because such consequences were not reasonably foreseeable. With regard to reasonable foreseeability, our Supreme Court has stated,

> It is not necessary that a defendant anticipate the particular consequences which ultimately result from his negligence. It is required only that a person of ordinary prudence could have reasonably foreseen that such a result, *or some similar injurious result*, was probable under the facts as they existed. However, we have also said that a defendant is liable for the consequences of his negligence if he might have foreseen that some injury would result from his act or omission or that *consequences of a generally injurious nature* might have been expected.

*Sutton v. Duke*, 277 N.C. 94, 107, 176 S.E.2d 161, 169 (1970) (citations and internal quotation marks omitted). We conclude that a genuine issue of fact exists as to whether it was reasonably foreseeable that obstructions to defendant Logan's and Joshua's vision, as well as obstructions necessitating a driver to drive in other than the intended travel lane, could cause a traffic accident of some sort.

### III.

[4] Defendant City also argues that the criminal acts of defendant Logan in driving while under the influence and on the wrong side of the road were intervening causes which severed the causal chain between its negligence and the accident, thus relieving it of responsibility. It points to the Traffic Fatality Accident Reconstruction created by the Winston-Salem Police Department, which concluded "that the primary causative factor in this crash is Mr. Logan's alcohol concentration level and the fact that he was on the wrong side of the road when he was approaching the intersection." However, defendant Logan testified at his deposition, "They [sic] was nothing I could do to avoiding [sic] that accident. If I would of not [sic] any alcohol in me, that accident would of still happened . . . . In other words, there is no way that it was not going to happen, alcohol-related or not." He

also testified that he did not think the alcohol slowed his reflexes or reaction time. From the evidence, there is a genuine issue of fact as to what a reasonable person would have done under the circumstances. *Federal Paper Bd. Co. v. Kamyr, Inc.*, 101 N.C. App. 329, 333, 399 S.E.2d 411, 414 ("Summary judgment may not be used to resolve factual disputes which are material to the disposition of the action."), *disc. review denied*, 328 N.C. 570, 403 S.E.2d 510 (1991). If a reasonable and sober person would have moved left of center to avoid the parked cars and could not have stopped in time to avoid the accident, then Mr. Logan's actions in driving while intoxicated and driving left of center would not be an intervening cause. *See id.* (holding that with regard to intervening causes, except when reasonable minds could not differ, "the question should be left for the jury to determine whether the intervening act and the resultant injury were such that the author of the original wrong could reasonably have expected them to occur as a result of his own negligent act"). Therefore, we conclude there is a genuine issue of material fact as to whether defendant City's actions were the proximate cause of plaintiff's injury or whether defendant Logan's acts were an intervening cause.

## IV.

**[5]** Finally, in its Reply Brief, defendant City asserts that plaintiff's claim is barred by the six-year statute of repose provided by N.C.G.S. § 1-50(a)(5). Although defendant City pleaded the bar of the "applicable statute of limitations and/or statutes of repose," and assigned error to the denial of its motion for summary judgment on the ground of N.C.G.S. § 1-50(a)(5), it did not raise the issue in its principal brief, but raised it only in its reply brief, filed pursuant to Appellate Rule 28(h)(3). The rule limits the reply brief "to a concise rebuttal to arguments set out in the brief of the appellee which were not addressed in the appellant's principal brief." N.C.R. App. P. 28(h)(3) (amended Oct. 1, 2009). Thus, we hold defendant City, by its failure to advance the issue in its principal brief, has abandoned its assignment of error relating to the denial of its motion for summary judgment on the ground of N.C.G.S. § 1-50(a)(5). *See* N.C.R. App. P. 28(b)(6) (amended Oct. 1, 2009) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). Even so, we observe that the contention has no merit in that, as our Supreme Court has noted, "It is the duty of the city to exercise a reasonable and *continuing* supervision over its streets in order that it may know their con-

dition and it is held to have knowledge of a defect which such inspection would have disclosed to it." *Mosseller v. Asheville*, 267 N.C. 104, 108-09, 147 S.E.2d 558, 562 (1966) (emphasis added). Because of this continuing duty, the statute of repose is not a bar to plaintiff's action.

In summary, we hold that, because neither the public duty doctrine nor governmental immunity bars plaintiff's claims and there are genuine issues of material fact, the trial court correctly denied defendant City's motion for summary judgment.

Affirmed.

Judges ELMORE and GEER concur.